IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JERRY BLASINGAME**             ) | |
| ) | |
| **Plaintiff,**             ) | |
| ) | **CIVIL ACTION FILE NO.** |
| ) | **1:19-CV-2047-SCJ** |
| **v.**             ) | |
| ) | |
| **OFFICER J. GRUBBS, #6416; and**             ) | |
| **CITY OF ATLANTA/ATLANTA**             ) | |
| **POLICE DEPT.**             ) | |
| ) | |
| **Defendants.**             ) | |
| _____) | |

### OFFICER J. GRUBBS AND CITY OF ATLANTA'S ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Officer J. Grubbs ("Officer Grubbs") and City of Atlanta (the "City") (collectively the "Defendants") hereby and respond to Plaintiff's Complaint (hereinafter "Complaint") as follows:

### AFFIRMATIVE DEFENSES

<u>First Defense</u>

Plaintiff's Complaint fails to state a claim for which relief may be granted by this Court.

1

Second Defense

All actions taken by the Defendants were pursuant to the City of Atlanta's Charter and Code of Ordinances, the laws of the State of Georgia, and the laws of the United States of America.

Third Defense

At all times relevant to the Plaintiff's claims in this case, the actions of the Defendants were taken in good faith and said actions were reasonable, proper and necessary under the circumstances.

Fourth Defense

At all times relevant to the Complaint in this case, the actions of the Defendants were taken in the good faith exercise of its duties and responsibilities as imposed by law.

Fifth Defense

Officer J. Grubbs is entitled to official immunity and qualified immunity.

Sixth Defense

Plaintiff's claims against the City are limited and/or barred by O.C.G.A. §§ 36-33-5 and 36-92-2.

Seventh Defense

Plaintiff's claims fail due to an intervening cause.

<u>Eighth Defense</u>

Plaintiff's claims fail for lack of causation.

<u>Ninth Defense</u>

Plaintiff's claims fail for lack of proximate cause.

<u>Tenth Defense</u>

Any alleged injuries or damages sustained by Plaintiff were the result of an act or omission of other persons or entities over whom the Defendants have no control or responsibility and, therefore, Plaintiff is not entitled to recover.

<u>Eleventh Defense</u>

Fault must be assessed against any non-parties responsible for any of Plaintiff's damages pursuant to, inter alia, O.C.G.A. § 51-12-33.

<u>Twelfth Defense</u>

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, the Defendants state that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. § 9-11-8(c), or any one of them.

The Defendants respond to each and every allegation of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Paragraph one seems to state a legal conclusion that does not require a response from Defendants. To the extent Plaintiff's allegations seeks to impose liability against the Defendants they are denied.

2.

The Defendants admit they are subject to the jurisdiction of this Court. To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 2, all remaining statements are denied.

3.

The Defendants admit that the subject incident took place in the City of Atlanta. To the extent that Plaintiff seeks to impose or imply liability by asserting the remaining allegations, they are denied.

4.

The Defendants admit that venue is proper in this court. To the extent Plaintiff seeks to impose or imply liability by asserting the statements in Paragraph 4, all remaining statements are denied.

## **PARTIES**

5.

The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, therefore these allegations are denied.

6.

Officer Grubbs admits that he is a policer officer employed by the City of Atlanta Police Department. To the extent Plaintiff seeks to impose or imply liability by asserting the remaining statements in Paragraph 6, those statements are denied.

7.

Defendant City of Atlanta admits that the City of Atlanta is a municipal corporation organized under the laws of the state of Georgia, and admits that it operates a police department. The Defendants deny as stated all further statements contained in Paragraph 7 of the Complaint.

8.

The Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.

The Defendants deny the allegations contained in Paragraph 9 of the Complaint.

## STATEMENT OF FACTS

10.

The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, therefore these allegations are denied.

11.

The Defendants deny as stated the allegations contained in Paragraph 11 of the Complaint.

12.

The Defendants deny as stated the allegations contained in Paragraph 12 of the Complaint.

13.

The Defendants deny as stated the allegations contained in Paragraph 13 of the Complaint.

14.

The Defendants deny as stated the allegations contained in Paragraph 14 of the Complaint.

15.

The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, therefore these allegations are denied.

16.

The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, therefore these allegations are denied.

17.

Defendant Grubbs admits that he requested EMS to come to the incident scene to provide medical care and treatment to Plaintiff.

18.

The Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.

The Defendants deny as stated the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, therefore these allegations are denied.

21.

The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, therefore these allegations are denied.

22.

The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, therefore these allegations are denied.

23.

The Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.

The Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.

The Defendants deny the allegations contained in Paragraph 25 of the Complaint.

## COUNT I

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

26.

The Defendants re-allege and incorporate their responses to Paragraphs 1 to 25 as if fully set forth herein.

27.

Paragraph 27 seems to contain a legal conclusion that does not require a response from Defendants.  To the extent Plaintiff seeks to impose or imply liability by asserting the allegations in Paragraph 27, those allegations are denied

28.

Paragraph 28 seems to contain a legal conclusion that does not require a response from Defendants.  To the extent Plaintiff seeks to impose or imply liability by asserting the allegations in Paragraph 28, those allegations are denied.

29.

The Defendants admit that Defendant Grubbs was required to obey the law. To the extent Plaintiff seeks to impose or imply liability by asserting the remaining allegations in Paragraph 28, those allegations are denied.

30.

The Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.

The Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.

The Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.

The Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.

The Defendants deny the allegations contained in Paragraph 34 of the Complaint.

Any other allegation contained in any subparagraph or subpart, whether numbered or unnumbered, which is not specifically responded to in this Answer, is specifically denied by the Defendants. The Defendants further deny liability to the

Plaintiff in any manner or that the Plaintiff is entitled to any relief as prayed for in Plaintiff's prayer for relief.

WHEREFORE, having fully answered within the time prescribed by law, the Defendants pray that all of Plaintiff's claims be dismissed with prejudice and all costs associated with this action be cast upon Plaintiff.

Respectfully submitted this 23nd day of July, 2019.

                                      */s/ Brenda A. Raspberry*
                                      **BRENDA A. RASPBERRY**
                                      Senior Assistant City Attorney
                                      Georgia Bar No. 595130
                                      (404) 546-4134 *Direct*
                                      **STACI J. MILLER**
                                      Assistant City Attorney
                                      Georgia Bar No. 601594
                                      (404) 546 - 4083
                                      **MARLON M. BULL**
                                      Associate City Attorney
                                      Georgia Bar No. 397441
                                      (404) 546-4187 *Direct*
                                      ***Attorneys for Defendant***

City of Atlanta, Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(Phone) 404-546-4100

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JERRY BLASINGAME** )<br>)<br>**Plaintiff,** )<br>)<br>) **CIVIL ACTION**<br>) **FILE NO:1:19-CV-2047-SCJ**<br>**v.** )<br>)<br>**OFFICER J. GRUBBS, #6416; and** )<br>**CITY OF ATLANTA/ATLANTA** )<br>**POLICE DEPT.** )<br>)<br>**Defendants.** )<br>_____) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing **OFFICER J. GRUBBS AND CITY OF ATLANTA'S ANSWER TO COMPLAINT** upon opposing counsel listed below via this Court's CM/ECF system and by depositing a copy of the same in the United States Mail with proper postage affixed thereon to ensure delivery as follows:

**Darren M. Tobin**
**Tobin Injury Law**
**267 W. Wieuca Road NE, Suite 204**
**Atlanta, GA 30342**

*[SIGNATURE ON FOLLOWING PAGE]*

12

This 23rd day of July, 2019.

/s/ Brenda A. Raspberry
**BRENDA A. RASPBERRY**
Senior Assistant City Attorney
Georgia Bar No. 595130
braspberry@atlantaga.gov
(404) 546-4134 *direct*
***Attorneys for Defendant***

**City of Atlanta, Department of Law**
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(Phone) 404-546-4100 *main*