# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JERRY BLASINGAME** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| | ) FILE NO:1:19-CV-2047-SCJ |
| v. | ) |
| | ) |
| **OFFICER J. GRUBBS, #6416; and** | ) |
| **CITY OF ATLANTA/ATLANTA** | ) |
| **POLICE DEPT.** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

### DEFENDANTS OFFICER J. GRUBBS AND CITY OF ATLANTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT

**COME NOW**, Defendants Officer J. Grubbs ("Officer Grubbs") and the City of Atlanta ("the City", individually or, collectively, "City Defendants"), by and through the undersigned counsel, and file this Motion for Partial Summary Judgment and Brief in Support. The undisputed material facts demonstrate that the City Defendants are entitled to dismissal of Count III as a matter of law.

### I. STATEMENT OF THE CASE

Plaintiff Jerry Blasingame ("Plaintiff") brings the current action pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Fourth and Fourteenth Amendments to

1

the Constitution of the United States.[1] Count I of Plaintiff's Amended Complaint ("*Amended Complaint*") alleges that the City Defendants are liable to Plaintiff under Section 1983 for violating "Plaintiff's clearly established right to be free from unreasonable search and seizures", using "objectively unreasonable" force, and engaging in "policies, procedures, protocols, and customs" that allowed the use of excessive force.[2] Count II alleges that Officer Grubbs assaulted and battered Plaintiff as defined under Georgia law.[3] In Count III, Plaintiff alleges that the City is "responsible for torts committed by employees" pursuant to O.C.G.A. § 51-2-2.[4]

## II. STATEMENT OF RELEVANT FACTS[5]

On July 10, 2018, APD Officers Grubbs and Keith Shelley observed Plaintiff on Interstate 20 East, an interstate highway, at or near the Windsor Street exit.[6] At the time, both Officers were on duty and patrolling in the City of Atlanta.[7] Plaintiff

---

[1] Doc. 52, hereinafter "*Amended Complaint*", at 5.
[2] *Id*. at 6.
[3] *Id*. at 7.
[4] *Id*.
[5] The following statement only contains the facts most relevant to the instant Moton for Partial Summary Judgment as to Count III and does not contain or summarize all facts relevant to the claims at issue in other Counts of the *Amended Complaint*.
[6] Deposition of Jon Grubbs taken January 28, 2021, hereinafter "Grubbs Dep.", at 59:3 – 8, attached hereto as Exhibit A; *Amended Complaint*, at 11-12; Deposition of Jerry Blasingame taken August 9, 2019, hereinafter "Blasingame Dep.", 26:17 – 30:8, attached hereto at Exhibit B.
[7] Grubbs Dep. 58:21 – 59:2; *See Amended Complaint*, at 6 – 7.

was ultimately arrested and charged with violating O.C.G.A. §§ 17-4-46 (Willful Obstruction of Law Enforcement Officers) and 40-6-97 (Pedestrian Soliciting Rides/Business).[8]

## III. ARGUMENT AND CITATIONS OF AUTHORITY

### A. Standard of Review

Summary Judgment should be granted when "the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law."[9] A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment.[10] An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[11] A fact is material if it may affect the outcome of the suit under the governing law.[12]

The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material facts that should be

---

[8] Traffic Citations and Criminal Warrants, previously produced as Blasingame/COA 400 – 404, attached hereto as Exhibit C.
[9] FED. R. CIV. P. 56(a).
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[11] *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).
[12] *Allen v. Tyson Foods, Inc.*, 121 F. 3d 642, 646 (11th Cir. 1997).

decided at trial.[13] "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answer to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."[14] If the non-movant's response consists of nothing "more than a repetition of his conclusional allegations, summary judgment for the defendant [i]s not only proper, but required."[15]

**B. Count III of Plaintiff's Complaint Must Be Dismissed As A Matter of Law.**

Pursuant to O.C.G.A. § 36-33-3, "a municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." This statute "relieves a City of liability for the alleged torts of police officers engaged in the discharge of their duties."[16] "The doctrine of governmental immunity [] protect[s] the City of Atlanta from liability for the actions of its employees, including Officer [Grubbs']."[17]

---

[13] *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[14] *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting *Celotex*, 477 U.S. at 324).
[15] *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).
[16] *McLemore v. City Council of Augusta*, 212 Ga.App. 862, 863 (1994).
[17] *Reese v. City of Atlanta*, 261 Ga.App. 761, 761 (2003).

In the instant matter, Officer Grubbs was on duty and patrolling the City of Atlanta when he witnessed Plaintiff engaging in unlawful activity.[18] Specifically, Plaintiff was walking upon a controlled access highway and soliciting contributions (or "panhandling").[19] Plaintiff flatly admits that he was engaged in panhandling on July 10, 2018 incident and that he had engaged in, and been arrested for panhandling, prior to July 2018.[20] Officer Grubbs ultimately arrested Plaintiff for panhandling in violation of O.C.G.A. § 40-6-97. Therefore, Officer Grubbs was engaged in the discharge of the duties imposed upon him by law at all times relevant to the incident complained of in Plaintiff's *Amended Complaint*. No evidence to the contrary has been or can be produced by Plaintiff. Pursuant to O.C.G.A. § 36-33-3, as a matter of law, the City cannot be held liable for the alleged torts of Officer Grubbs. As a result, even when all facts are taken in the light most favorable to Plaintiff, Count III of Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the City Defendants are entitled to the dismissal of Count III. As a matter of law, Georgia statutory and case law precludes municipal liability for the alleged torts of police officers engaged in the duties imposed upon

---

[18] Grubbs Dep. 58:24 – 61:17.
[19] Blasingame Dep. 26:17 – 29:22; Grubbs Dep. 58:24 – 61:17.
[20] Blasingame Dep. 26:17 – 29:22, 16:9 – 17:21.

them by law. Thus, partial summary judgment must be granted in favor of the City Defendants.

                                        **RESPECTFULLY SUBMITTED,**

                                        */s/ Staci J. Miller*
                                        **STACI J. MILLER**
                                        Attorney
                                        Georgia Bar No. 601594
                                        sjmiller@atlantaga.gov
                                        (404) 546-4083 *direct*

                                        ***Attorneys for City Defendants***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JERRY BLASINGAME** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| | ) FILE NO:1:19-CV-2047-SCJ |
| v. | ) |
| | ) |
| **OFFICER J. GRUBBS, #6416; and** | ) |
| **CITY OF ATLANTA/ATLANTA** | ) |
| **POLICE DEPT.** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## **CERTIFICATION**

Counsel for the City Defendants hereby certifies that the foregoing has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully Submitted,

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov
***Attorneys for City Defendants***

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JERRY BLASINGAME** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) CIVIL ACTION |
| | ) FILE NO:1:19-CV-2047-SCJ |
| **v.** | ) |
| | ) |
| **OFFICER J. GRUBBS, #6416; and** | ) |
| **CITY OF ATLANTA/ATLANTA** | ) |
| **POLICE DEPT.** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties with a copy of the following:

- **DEFENDANTS CITY OF ATLANTA AND JON GRUBBS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT;**
- **CITY DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS; and**
- **NOTICE OF FILING OF ORIGINAL DISCOVERY**

via the CM/ECF Electronic Filing System upon all counsel of record.

This 26th day of April, 2021.

*[SIGNATURE ON FOLLOWING PAGE]*

8

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov
***Attorneys for City Defendants***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657