# UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JERRY BLASINGAME,

                              Case No. 1:19-CV-2047-SCJ

    *Plaintiff,*

v.

OFFICER J. GRUBBS #6416, and
CITY OF ATLANTA/ATLANTA POLICE
DEPARTMENT,

    *Defendants.*

_____

## **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES Plaintiff, Jerry Blasingame, by and through counsel, JOHNSON LAW, PLC, and files this partial motion for summary judgment. For the reasons stated herein, Plaintiff is entitled to partial summary judgment pursuant to O.C.G.A. § 45-5-2 where the undisputed evidence shows he was injured in the custody of the Atlanta Police Department of the City of Atlanta.

                                                Respectfully Submitted,

                                                JOHNSON LAW, PLC

                                                By: */s/ Solomon M. Radner*
                                                    Solomon M. Radner (*pro hac vice*)
                                                    Attorney for Plaintiff

Dated: April 26, 2021

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff, Mr. Jerry Blasingame, filed this lawsuit on May 5, 2019, naming as defendants Jon Grubbs and the City of Atlanta and the Atlanta Police Department. (Complaint, ECF No. 1).

2. On July 10, 2018, Defendant Jon Grubbs of the Atlanta Police Department tased Mr. Blasingame in the back as Mr. Blasingame was running away from the Defendant, down a hill. (Exhibit 1, Dep. of Jon Grubbs, p. 123, L. 10-19; p. 129, L. 5-11; p. 111, L. 9; p. 40, L. 4-12; p. 127, L. 14-23; p. 130, L. 18—p. 131, L. 1).

3. As a result of Defendant Grubbs tasing Mr. Blasingame, Mr. Blasingame fell to forward down a hill, causing his head to strike the concrete pad of a traffic control box. (*Id*. at p. 127, L. 17-23; p. 136, L. 4-13). Mr. Blasingame was not responsive and had a pool of blood underneath his head and face. (*Id*. at p. 137, L. 4-22). Defendant Grubbs was concerned Mr. Blasingame would stop breathing and potentially die on the scene. (*Id*. at p. 139, L. 24 – p. 140, L. 15).

4. EMS arrived and provided life saving care to Mr. Blasingame. (Exhibit 2, Grady EMS Patient Care Record).

5. Mr. Blasingame was transferred to the hospital where it was later revealed that Mr. Blasingame was now a quadriplegic as a result of the injuries

sustained in the tasing by Defendant Grubbs. Mr. Blasingame remained in custody of the Atlanta Police Department at the hospital. (Exhibit 3, Dep. of Steve McCallum, GBI Investigator, p. 113, L. 2 — p. 114, L. 25, p. 18, L. 18-21, p. 67, L. 4-5).

6. Defendant Grubbs testified that at the time he tased Mr. Blasingame, Mr. Blasingame was in his custody. (Exhibit 1, Dep. of Grubbs, p. 138, L. 10-24).

7. Defendant Grubbs testified that if not for Mr. Blasingame's injuries, he would have taken Mr. Blasingame to jail. Instead, he was taken to the hospital. (*Id*. at p. 139, L. 8-23).

8. Stephen McCallum, a special agent working for the Georgia Bureau of Investigation, also testified that Mr. Blasingame was injured while he was in the custody of the Atlanta Police Department. (Exhibit 3, p. 6, L. 2-16; p. 67, L. 6—p. 68, L. 17, p. 113, L. 23—p. 114, L. 8; p. 131, L. 4— p. 132, L. 7-19; p. 136, L. 15-23).

9. As a result of being tased, Mr. Blasingame can no longer live on his own and needs full time health care and medical assistance in order to sustain his life – twenty-four hours a day, seven days a week, three hundred and sixty-five days a year. (Exhibit 4, medical record excerpts).

10. To date, Mr. Blasingame has incurred significant medical expenses as a result of his injuries sustained in the custody of the Defendant Grubbs and the Atlanta Police Department. (Exhibit 4, medical record excerpts).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When a party properly supports a motion for summary judgment, the nonmoving party must come forward with 'concrete evidence from which a reasonable juror could return a verdict in his favor.'" *Hinson v. Bias*, 927 F.3d 1103, 1115 (11th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* at 248.

## LAW AND ARGUMENT

I. **DEFENDANT CITY OF ATLANTA IS LIABLE FOR PLAINTIFF'S MEDICAL BILLS AND FUTURE MEDICAL EXPENSES**

Georgia law provides that the responsible governmental entity shall pay for the necessary medical expenses of inmates in their custody. *See* O.C.G.A. § 42-5-2.

> "Except as provided in subsection (b) of this Code section, <u>it shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an inmate to maintain the inmate, furnishing him food, clothing, and any needed medical and hospital</u>

4

attention; to defend any habeas corpus or other proceedings instituted by or on behalf of the inmate; and to bear all expenses relative to any escape and recapture, including the expenses of extradition.

…

Except as provided in subsection (b) of this Code section, <u>the department shall also bear the costs of any reasonable and necessary follow-up medical or hospital care rendered to any such inmate as a result of the initial emergency care and treatment of the inmate</u>."

The Georgia Supreme Court has confirmed "that the care of inmates in the custody of a municipal corporation is a governmental function for which sovereign immunity has not been waived." *City of Atlanta v. Mitcham*, 296 Ga. 576, 576 (2015).

### a. Mr. Blasingame Was Injured in the Custody of Atlanta Police Department

The Georgia Court of Appeals has explicitly held that "when officers subdue a subject, render first aid, and transport him to the hospital, physical custody is shown." *Macon-Bibb County Hosp. Auth. v. Reece*, 228 Ga. App. 532, 534 (1997) (citing *Cherokee County v. N. Cobb Surgical Assocs., P.C.*, 221 Ga. App. 496, 497-498 (1996)).

In *Cobb*, the individual "was shot and incapacitated by one Cherokee County deputy, placed in restraints by another, and taken in restraints to the hospital in a county vehicle that was escorted by a sheriff's department vehicle. This was

5

sufficient to place [the individual] in the physical custody of the deputies." 221 Ga. App. at 498.

Here, Defendant Grubbs tased Mr. Blasingame in the back when detaining him. (Exhibit 1, Dep. of Jon Grubbs, p. 76, L. 1-3; p. 123, L. 16-19; p. 125, L. 21—p. 126, L. 16; p. 129, L. 5-11). Defendant Grubbs testified and admitted under oath that Mr. Blasingame was in his custody when he was tased and injured. (Exhibit 1, Dep. of Grubbs, p. 138, L. 10-24). Stephen McCallum, a special agent with the Georgia Bureau of Investigations, also testified that Mr. Blasingame was in custody of Atlanta Police Department when he was tased and injured. (Exhibit 3, p. 6, L. 2-16; p. 67, L. 6—p. 68, L. 17, p. 113, L. 23—p. 114, L. 8; p. 131, L. 4— p. 132, L. 7-19; p. 136, L. 15-23).

Like *Cobb*, Mr. Blasingame was injured by an officer, Defendant Grubbs, while the officer was detaining Mr. Blasingame. Defendant Grubbs called for EMS and monitored Mr. Blasingame until was transferred to the hospital where he remained in custody. (Exhibit 1, p. 203, L. 23— p. 204, L. 6; Exhibit 3, p. 113, L. 15—p. 114, L. 2-8). Accordingly, Mr. Blasingame was in custody while he was injured and thus meets this statutory requirement and is therefore entitled to summary judgment on the issue of payment of past and present medical expenses incurred while in the custody of City of Atlanta and Atlanta Police Department.

    b. **Mr. Blasingame Qualifies as An Inmate under O.C.G.A. § 42-5-2.**

The Georgia Court of Appeals has long held that the term "inmate" as used in O.C.G.A. § 42-5-2 applies "not only [to] a person who has been convicted of an offense, but also a person who is detained by reason of being charged with a crime." *Macon-Bibb Cty. Hosp. Auth. v. Hous. Cty.*, 207 Ga. App. 530, 531-532 (1993).

As explained by a court in this federal district, "Georgia courts have held that pretrial detainees who are in custody by reason of having been charged with a crime qualify as 'inmates' for purposes of § 42-5-2, even if the detainee is released on his own recognizance while in the hospital. Those who would have been placed into custody but for their injuries have also been held to qualify as 'inmates,' though they were not yet detained in a detention facility." *Saylor v. Barrow County*, 2010 U.S. Dist. LEXIS 154614, at *13 (N.D. Ga. Mar. 9, 2010) (internal citation omitted).

In *Cherokee County v. N. Cobb Surgical Assocs., P.C.*, 221 Ga. App. 496, 497 (1996), the Georgia Court of Appeals determined that an individual who was shot by police officers during his arrest and brought to the hospital for urgent treatment was an "inmate" under O.C.G.A. § 42-5-2. Following, *Macon-Bibb Cty. Hosp. Auth. v. Hous. Cty.*, 207 Ga. App. 530, 532 (1993), the Court determined that if not for his gunshot injuries, he would have been brought to jail and thus was properly considered an "inmate" under the intent of the statute. *Id*. at 498-499. ("In a like manner, we hold that Cherokee County is responsible for McFarland's medical care because he was injured while being taken into physical custody by the county

7

sheriff's department and who, but for the seriousness of his injuries, would have been placed in the county's detention facility.").

Like the individual in *Cobb*, Mr. Blasingame was injured by Defendant Grubb's while Defendant was detaining Mr. Blasingame. Defendant Grubbs explicitly testified that if Mr. Blasingame was not injured by his tase, Defendant was going to arrest him and take him to jail. (Exhibit 1, Dep. of Grubbs, p. 139, L. 8-11). Accordingly, Mr. Blasingame was an "inmate" at the time he was injured and thus meets this statutory requirement and is therefore entitled to summary judgment on the issue of payment of past and present medical expenses incurred while in the custody of City of Atlanta and Atlanta Police Department.

### c. Mr. Blasingame suffered life-altering injuries and is now a quadriplegic. As such, he has been and will remain at in-patient facilities for the rest of his life.

Mr. Blasingame was tased on July 10, 2018 by Grubbs and taken by Grady EMS to the Grady Hospital Emergency Room, where he was a patient until September 19, 2018.

On September 19, 2018, he was taken to 460 Auburn Avenue L.P where he remained as an inpatient until Feb 2, 2020.

On Feb. 3, 2020, Mr. Blasingame was taken to the Jimmy Simpson's Foundation safe Haven location in Round Rock, Georgia, where Mr. Blasingame remains today as a patient, and where he will likely remain for the rest of his life.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests this Court grant his motion for partial summary judgment pursuant to O.C.G.A. § 42-5-2 and order an evidentiary hearing to determine Plaintiff's reasonable past and present medical expenses.

                                                        Respectfully Submitted,

                                                        JOHNSON LAW, PLC

                                                        By:  */s/ Solomon M. Radner*
                                                             Solomon M. Radner (*pro hac vice*)
                                                             Attorney for Plaintiff
                                                             535 Griswold, Suite 2632
                                                             Detroit, MI 48226
                                                             (313) 324-8300
Dated: April 26, 2021                       sradner@venjohnsonlaw.com

## CERTIFICATE OF SERVICE

Undersigned hereby states that on April 26, 2021, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all parties having appeared in this matter, through their counsel of record, via the Court's CM/ECF electronic filing system.

                                        */s/ Solomon M. Radner*