UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JERRY BLASINGAME,

    *Plaintiff,*

v.

OFFICER J. GRUBBS #6416, and
CITY OF ATLANTA/ATLANTA POLICE
DEPARTMENT,

    *Defendants.*

Case No. 1:19-CV-2047-SCJ

_____

### PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

    NOW COMES Plaintiff, Jerry Blasingame, by and through counsel, and files this reply in support of his motion for partial summary judgment.

### INTRODUCTION

    Defendant City of Atlanta ("City") admits that Defendant Grubbs tased Plaintiff in the back as he was running down a hill. (ECF No. 77, p. 1, ¶ 2). Further, Defendant City, in their response, does not challenge whether Plaintiff was in custody at the time he was injured. (ECF No. 78, p. 1-7), and in fact **explicitly agrees that Plaintiff was in custody when he was injured**. *Id*, Page 1 of 8, Par 1.

1

Defendant does not respond to the merits of Plaintiff's legal arguments. Defendant City's claim that it lacked notice that Plaintiff was claiming damages for past present and future medical bills related to being seized by Defendant Grubbs is without merit and disingenuous. It was specifically disclosed in Plaintiff's discovery responses. (Exhibit 1). Further, Plaintiff has submitted sufficient evidence for this Court to grant partial summary judgment. For these reasons and those explained herein, this Court should grant Plaintiff's motion for partial summary judgment pursuant to O.C.G.A. § 42-5-2.

## ARGUMENT

I. **DEFENDANT CITY'S CLAIM THAT THEY LACKED NOTICE OF PLAINTIFF'S INJURIES AND MEDICAL TREATMENT IS WITHOUT MERIT**

Defendant City argues that Plaintiff's partial motion for summary judgment under O.C.G.A. § 45-5-2 should fail because Plaintiff did not include a specific citation to the statute in its complaint. (ECF No. 78, p. 2-5). Not only is this legally irrelevant, as the Supreme Court has made clear that a plaintiff need not plead a legal theory, only facts that support a claim, *see Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014), Plaintiff's complaint expressly alleged that Plaintiff was severely injured and continues to suffer as a result. (ECF No. 52, ¶ 22, 27). In fact, Plaintiff specifically alleged that he is now <u>permanently disabled</u>. (*Id*. at ¶ 41). Counsel for

Defendant Atlanta was present for his deposition that occurred at the Legacy Transitional Care and Rehab facility, where he lived at the time as a result of the injuries sustained by Defendant Grubbs. (ECF No. 79-1, Corrected Exhibit 1 to Plaintiff's Motion for Summary Judgment, Full Transcript of Defendant's Deposition, p. 1-2, 4-5, 10-11).

Notably, in claiming that Plaintiff's motion for summary judgment, brought after the close of discovery, was premature and brought for an improper purpose, Defendant ignores established case law and does not cite a single case in support of this position. Defendant's failure to conduct discovery is not a basis to deny a properly supported motion for summary judgment and surely does not support Defendant's woefully disingenuous claim that Plaintiff has requested summary judgment for an "improper purpose," one Defendant does not bother to actually explain or define. (ECF No. 78, p. 3, 5).

Here, Plaintiff expressly put Defendant City on notice, certainly by Feb. 4, 2020, that he was claiming specific damages for his "***medical bills, past, present, and future***," (Exhibit 1, Plaintiff's Responses to Defendants' Discovery Requests, p. 8). When requested to describe in injuries sustained in the incident with Defendant Grubbs, Plaintiff explained he "is now paralyzed from the neck down, unable to stand or walk, and has suffered a traumatic brain injury. In order to live, Plaintiff now requires a surgically implanted feeding tube, a tracheostomy, a Foley catheter,

and around-the-clock nursing care at an assisted living facility." (*Id*. at p. 9). Further, Plaintiff identified each place he received medical treatment for his injuries "resulting from the Defendant's alleged conduct." (*Id*. at p. 10-11).

"The federal rules effectively abolish the restrictive theory of the pleadings doctrine, <u>making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief.</u>" *City of Shelby*, at 12 (emphasis added). The Supreme Court, reviewing the federal pleading standards, explained:

> "A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard. Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. See Fed. Rules Civ. Proc. 8(a)(2) and (3), (d)(1), (e)."

*Johnson*, 574 U.S. at 12.

The Eleventh Circuit has properly adopted this reasoning as well. *See Marsteller ex rel. United States v. Lynn Tilton, Patriarch Partners, LLC*, 880 F.3d 1302, 1314 n.23 (11th Cir. 2018) ("Although the label of fraudulent inducement does not appear on the face of the complaint, neither does the label of implied certification. Nor does a plaintiff's labeling of their complaint bind us.") (citing *City of Shelby*, at 11). Thus, where Plaintiff did not need to give Defendant's specific notice of their statutory <u>obligation</u>, and where Defendant was specifically

4

on notice that Plaintiff was requesting damages in the form of payment for medical expenses, Plaintiff's motion should be granted.

## II. PLAINTIFF PRESENTS SUFFICIENT EVIDENCE TO SUPPORT PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT CITY

Defendant claims that Plaintiff's request for summary judgment is not supported by competent evidence. (ECF No. 78, p. 5-7). This argument lacks merit. Plaintiff has attached the entire deposition transcripts. (ECF No. 79-1; ECF No. 79-2). Further, despite Defendant's claim, the rule does not state that the entire deposition should be included in order to "be accepted as true." (ECF No. 78, p. 5-6); LR 56.1(C). Plaintiff is now in full compliance as he has now caused the entire deposition to be filed with the court. LR 56.1(C). Defendant cited no caselaw supporting the claim that a motion for summary judgment should be denied on this technicality. Defendant does not claim it was unable to respond to Plaintiff's arguments when Plaintiff mistakenly failed to attach the entire deposition transcript. In fact, Defendant does not challenge that Plaintiff was in custody of Defendant when he was tased.

Notably, in its response to Plaintiff's statement of facts number 6, that Grubbs testified that plaintiff was in custody when he was tased, Defendant claims that Plaintiff's citation "does not support" the fact. (ECF No. 77, ¶ 6). Upon review, this is also demonstrably false. The cited deposition testimony of Defendant Grubbs

specifically shows he testified that Plaintiff was injured "in the course of" being placed into custody. (ECF No. 75-1, p. 22-24). Similarly, Defendant's claim that special agent Stephen McCallum's cited testimony does not support that Blasingame was in custody when he was injured is also untrue.[1] The cited testimony specifically shows McCallum's belief that Plaintiff was in custody when he was tased. (ECF No. 79-2, p. 68, L. 14-16).

Finally, Defendant claims that Plaintiff's medical records are not properly authenticated. This is categorically false. Authentications for CHI, Grady, and Safe Haven/Bridge were produced to Defendants and are attached hereto as Exhibit 2.

Interestingly, Defendant claims that all summary judgment evidence requires an affidavit of authentication. (ECF No. 78, p. 5). However, "authentication is not required at summary judgment." *Burtch v. Dodson*, 2019 U.S. Dist. LEXIS 236275, at *8 (M.D. Ga. May 2, 2019). In support Defendant cites 28 U.S.C. § 1746 "Unsworn declarations under penalty of perjury" which does not mention the requirements of summary judgment evidence. Of note, Defendant's Exhibit B is not authenticated and is not "attached to an affidavit by a person through whom the document could be admitted into evidence." (ECF No. 78, p. 5; ECF No. 78-2).

---

[1] Plaintiff inadvertently attached the wrong pages of Mr. MacCallum's cited deposition transcript. The corrected and full transcript has been filed. (ECF No. 79-2, Corrected Exhibit 3 to Plaintiff's Motion for Summary Judgment).

Defendant also cites two unpublished, non-precedential cases support. Neither case involves medical records, and both are overwhelmingly distinguishable.

In *FTC v. Williams, Scott & Assocs., LLC*, 679 F. Appx. 836, 838 (11th Cir. 2017), cited by Defendant, the Eleventh Circuit did hold that "the district court did not abuse its discretion in refusing to consider three unauthenticated documents that Lenyszyn claimed as business records." Defendant omits the Court's pertinent reasoning: "Lenyszyn did not submit affidavits from a qualified witness establishing the documents' authenticity, <u>thus they do not qualify for the business records exception to the hearsay rule</u>." *Id*. at 838-839. Defendant does not argue that Plaintiff's medical records are hearsay.

Defendant's citation to *Saunders v. Emory Healthcare, Inc*., 360 F. Appx. 110, 113 (11th Cir. 2010) is even more flawed. As explained by several district courts in this Circuit, "[t]he *Saunders* opinion does not govern this issue because Rule 56 was amended in 2010. Under the 2010 amendment, which became effective on December 1, 2010, authentication of documents no longer is required at the summary judgment stage." *Sanders v. Benjamin Moore & Co., Paints*, 2015 U.S. Dist. LEXIS 41654, at *109 (N.D. Ala. Mar. 31, 2015) (quoting *Agee v. Chugach World Services, Inc.*, 2014 U.S. Dist. LEXIS 183321, 2014 WL 5795555, *5 (N.D. Ala. Sept. 30, 2014) (citing *Abbott v. Elwood Staffing Servs*., Inc., 44 F. Supp. 3d 1125, 2014 WL 3809808 (N.D. Ala. 2014) ("The majority of the opinions this Court

has read from courts construing current Rule 56, however, state the amendments eliminated the authentication requirement and replaced it with a requirement that evidence be presentable in admissible form at trial.")). *See also First Nat'l Bank of Oneida, N.A. v. Brandt*, 2021 U.S. App. LEXIS 7753, at *9 (11th Cir. Mar. 17, 2021).

As explained by the district court in *Higgens v. Trident Asset Mgmt., LLC*, 2017 U.S. Dist. LEXIS 224483, *6 (S.D. Fla. July 21, 2017), Defendant City "only complains that the documents are not presently properly authenticated; it never actually contends that it would be impossible for [Plaintiff] to present them in an admissible form." In *Higgen*s, the court determined that not only had the defendant failed to object on the basis "that it would be impossible for Higgens to produce his evidence in admissible form," but that even if it had, the court found "all of the documents could readily be authenticated and rendered admissible should Higgens present them through the proper witnesses." *Id*. Here, Defendant City does not argue that Plaintiff cannot authenticate the submitted evidence and in turn offers no evidence to dispute whether Plaintiff was in custody when he was tased and incapacitated by Defendant Grubbs, when he was rendered first aid, and when he was taken to the hospital. As explained in Plaintiff's motion, Georgia law provides that Defendant City is responsible for Plaintiff's necessary medical care and treatment required as a result of being tased by Defendant Grubbs.

Therefore, in absence of any genuine issue of material fact, this motion should be granted. It is long established that when responding to a motion for summary judgment, the "opponent must do more than show that there is some metaphysical doubt as to the material facts…. the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 1356 (1986) (citations and quotations omitted).

### III. THE EVIDENCE DEMONSTRATES NO GENUINE ISSUE OF FACT THAT PLAINTIFF WAS INJURED IN THE CUSTODY OF DEFENDANT GRUBBS

Georgia law provides that it is the responsibility of the government unit, subdivision, or agency having physical custody of an inmate to provide him with "any needed medical and hospital attention." *See* O.C.G.A. § 42-5-2. As demonstrated in Plaintiff's medical records, Plaintiff was severely injured and requires extensive around-the-clock medical care and treatment. (ECF No. 75-2; ECF No. 75-4). Further, case law confirms his status as an "inmate" who was "in custody" thus triggering the obligatory language of the statute.

While Defendant City does not respond to the merits of Plaintiff's motion for summary judgment, as explained therein, the Georgia Court of Appeals has explicitly held that "when officers subdue a subject, render first aid, and transport

him to the hospital, physical custody is shown." *Macon-Bibb County Hosp. Auth. v. Reece*, 228 Ga. App. 532, 534 (1997) (citing *Cherokee County v. N. Cobb Surgical Assocs., P.C.*, 221 Ga. App. 496, 497- 498 (1996)). This is a virtually identical scenario to what occurred here. Officer Grubbs "subdued [Mr. Blasingame], render[ed] aid, and transport[ed] him to the hospital." *Id*. Thus, "physical custody is shown." *Id*. Further, in *Cherokee County v. N. Cobb Surgical Assocs., P.C.*, 221 Ga. App. 496, 497 (1996), the Georgia Court of Appeals determined that an individual who was shot by police officers during his arrest and brought to the hospital for urgent treatment was an "inmate" under O.C.G.A. § 42-5-2. Again, this is similar to what occurred here, where Mr. Blasingame was brought to the hospital for urgent treatment. Since being taken to the hospital, Mr. Blasingame has been unable to live on his own volition.

A finding that Mr. Blasingame was in custody of Defendant Grubbs is also in accordance with federal law. "A suspect is in custody whenever an officer 'restrains the freedom of a person to walk away, he has seized that person.'" *Mercado v. City of Orlando*, 407 F.3d 1152, 1154 n.1 (11th Cir. 2005) (quoting *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985)). Clearly, Mr. Blasingame was seized when he was tased in the back by Defendant Grubbs and was not free to walk away after Mr. Blasingame fell down the hill, hit his head, and began to bleed profusely. *See also United States v. Davis*, 2012 U.S. Dist. LEXIS 54346, at *33

(E.D. Tenn. Mar. 29, 2012) ("[T]he Government concedes, that the [individual] was seized once the taser was deployed and at least partially immobilized the [individual], sending him tumbling down the stairs to the basement of his house. The Court has no hesitation in finding that the [individual] was seized, and the Fourth Amendment was implicated, when the [individual] was tased by Officer Huddleston on his porch.").

IV. **DEFENDANT ATLANTA KNEW THAT BLASINGAME WAS IN CUSTODY WHEN HE WAS SERISOULY INJURED BY GRUBBS AND THAT BLASINGAME WAS SEEKING RECOVERY FOR HIS INJURIES SUSTAINED, INCLUDING MEDICAL BILLS.**

As is articulated herein, Defendants' claims in response to the instant motion are disingenuous not factual. Plaintiff's Responses to Interrogatories, attached hereto and referred to herein, are unambiguous. But there is far more. Below are examples showing unequivocally that defendants were and are aware of these issues.

1. Plaintiff complained "About a month later, while Mr. Blasingame was still in the hospital for his injuries caused by Defendant Grubbs taser, Defendant Grubbs visited Mr. Blasingame and charged him with crimes …...." (ECF #52, Page 4 of 9, ¶ 20)

   Defendants admitted this allegation. (ECF #59, Page 7 of 14, ¶ 20) (*Proof that Defendant knew that Plaintiff was hospitalized for an extended period, due to Grubbs' taser.*)

2. Though Defendants have yet to file a witness list, Plaintiffs filed witness lists (ECF #63 and ECF #66), listing Plaintiffs' treaters and experts. *(Notice to Defendants that the injuries and bills are part of this action.)*

11

3. Plaintiffs produced expert reports, specifically on the topics of Plaintiff's injuries and past, present, and future medical bills. (ECF #68 and #69).
*(Notice to Defendants of that the injuries and bills are part of this action.)*

4. Defendants' own expert, Dr. Daniel L Barrow, explicitly opined that Plaintiff suffered traumatic injuries including quadriplegia, that Plaintiff's injuries were caused by Grubbs, and further that "it is highly unlikely he will experience any further improvement in his neurological conditions. (Dr. Barrow's report attached hereto as Exhibit 3).
*(Unequivocal proof that Defendant knew of Plaintiff's permanent, costly, horrific injuries and that Grubbs causes them.)*

5. The parties filed a joint motion to modify the scheduling order, ECF #57, which was denied. In that motion, the parties jointly advised the court that "Plaintiff received nine CD's of medical records related to Plaintiff's injuries…in the mail to Defendants." (ECF #57, Page 3 of 7).
*(more proof that Defendants knew Plaintiff's medical bills and records are at issue in this action, and that Defendants received them)*

6. Plaintiff produced and seasonably supplemented his medical records and bills on Aug. 29, 2019, January 14, 2021, and Feb 12, 2021, and further provided a detailed life plan itemizing exactly how much it will cost to care for Plaintiff for the rest of his life. (See ECF #65, 68, 69).
*(notice to Defendants of that the injuries and bills are part of this action.)*

## CONCLUSION

Despite everything thrown at the Court in Defendants' response, Plaintiff points the Court to the Defendants' own words which establish unquestionably that Atlanta is obligated to pay Plaintiff's past, present, and future medical bills:

> **"In order to prove a violation of O.C.G.A. § 42-5-2, Plaintiff must establish that: 1.) The City had a duty to provide medical care; and 2) neglected to bear the cost of the reasonable and necessary care provided**." Defendant Response, ECF #78 Page 4 of 8.

Focusing solely on these two elements, it becomes crystal clear Plaintiff is entitled to relief. First, Plaintiff was in custody, **which Defendants admit**:

> "Mr. Blasingame was in custody when Officer Grubbs made contact with him at the utility box." (ECF No. 78, Page 1 of 8, Par 1.)

Being in custody necessarily triggers O.C.G.A. § 42-5-2, so the only remaining element of O.C.G.A. § 42-5-2 is whether Atlanta "neglected to bear the cost…" Plaintiffs have provided proof that he has incurred significant medical bills, that he has provided those bills to Defendants, and that defendants did not "bear the cost" of one single penny of any medical bills, despite their own expert admitting that Plaintiff will be permanently injured as a result of Grubbs' actions. This issue cannot be simpler or more straightforward.

Plaintiff respectfully requests that this Honorable Court **GRANT** his motion and/or conduct a hearing to determine Plaintiff's reasonable medical expenses.

                                          Respectfully Submitted,

                                          JOHNSON LAW, PLC

Dated: June 1, 2021          By: */s/ Solomon M. Radner*
                                          Solomon M. Radner (*pro hac vice*)
                                          Attorney for Plaintiff
                                          535 Griswold, Suite 2632
                                          Detroit, MI 48226
                                          (313) 324-8300
                                          sradner@venjohnsonlaw.com

## CERTIFICATE OF SERVICE

 Undersigned hereby states that on June 1, 2021, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all parties having appeared in this matter, through their counsel of record, via the Court's CM/ECF electronic filing system.

      */s/ Solomon M. Radner*