IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JERRY BLASINGAME,** | |
| **Plaintiff,** | CIVIL ACTION FILE |
| v. | No. 1:19-CV-02047-SCJ |
| **OFFICER J. GRUBBS, #6416, and CITY OF ATLANTA/ATLANTA POLICE DEPT.,** | |
| **Defendants.** | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. [75]). Defendant City of Atlanta responded in opposition (Doc. No. [78]), and Plaintiff replied (Doc. No. [80]). The Court rules as follows.

### I.   BACKGROUND

The Court derives the following facts from the Parties' submissions (Doc. Nos. [75]; [77]; [78]; [79]; [80]) and the record.[1]

---

[1] Pursuant to Local Rule 56.1(B), when a fact is undisputed, the Court includes the fact.

Defendant Jon Grubbs is an officer with City of Atlanta Police Department. Doc. No. [78-1] (Grubbs Dep. Tr.), Tr. 10:11–19. On July 10, 2018, Officer Grubbs observed Plaintiff near a roadway in Atlanta and believed that Plaintiff was panhandling. See id. Tr. 59:2–65:4. Officer Grubbs exited his vehicle and approached Plaintiff. Id. Tr. 69:7–74:22, 75:10–78:6. As Officer Grubbs walked towards Plaintiff, Plaintiff saw him and then attempted to flee on foot. See id.

---

For disputed facts, the Court reviews the record to determine if a material dispute exists. Where the other party's response reflects the record cited more accurately, the Court modifies the proposed fact and cites the record. The Court also rules on objections to proposed facts and excludes immaterial facts, those stated as an issue or legal conclusion, those not supported by a citation to evidence, or those that the record citation fails to support. Finally, where appropriate, the Court includes facts drawn from its review of the record.

The Court must address deficiencies with the factual record and related documents. First, the Parties' statements of facts (Doc. Nos. [75], 2–4; [78], 1–2) do not comply with the Local Rules. The Local Rules provide that parties' statements of fact and additional facts must be "separate" from the brief, and each "fact must be numbered separately and supported by a citation to evidence proving such fact." LR 56.1(B)(1), (B)(2)(b), NDGa. The Parties' statements of fact are not separate from their briefs but are instead incorporated into them. Doc. Nos. [75], 2–4; [78], 1–2. Because both Parties committed this error, and because the statements of fact were easy to review as provided, the Court will waive this rule and consider the statements of fact. The Court admonishes the Parties to adhere to the Local Rules in future filings.

Second, the Court will not consider facts that are "not supported by a citation to evidence (*including page or paragraph number*)." LR 56.1(B)(1) (emphasis added). As Defendant City of Atlanta argues (Doc. Nos. [77]; [78]), Plaintiff's citations to the evidence do not always comply with the Local Rules. The Court will evaluate each of Plaintiff's statements of fact to determine whether the Court may consider them. To the extent Defendant raises valid objections to any such statements of fact, the Court rules on them herein and incorporates relevant facts as admissible and necessary.

2

Tr. 78:7–12, 82:15–21. Officer Grubbs ordered Plaintiff to stop, but Plaintiff did not verbally respond and instead continued to run away from Officer Grubbs; Plaintiff then stepped or hurdled over a guardrail. Id. Tr. 83:1–84:3, 111:9–112:8. Officer Grubbs pursued as Plaintiff navigated the guardrail, and Officer Grubbs stated in his deposition that Plaintiff swung an arm at but did not hit Officer Grubbs. Id. Tr. 115:3–8, 122:3–123:5.

After traversing the guardrail, Plaintiff continued to flee, so Officer Grubbs drew his taser and tased Plaintiff in the back. Id. Tr. 123:10–127:13; Doc. No. [75] ¶ 2. After Officer Grubbs tased Plaintiff, Plaintiff fell and struck his head on the concrete pad of a traffic control or utility box. See Grubbs Dep. Tr. 127:17–128:4, 136:4–137:22.[2] Defendant City of Atlanta concedes that once Officer Grubbs made contact with Plaintiff at the utility box, Plaintiff was in custody. Doc. No. [78] ¶ 1. Officer Grubbs called dispatch for medical assistance. Grubbs Dep. Tr. 144:9–17. Plaintiff was hospitalized and received medical treatment. See id. Tr. 204:13–17, 210:9–211:6; Doc. No. [75] ¶ 4. Plaintiff was later charged with misdemeanors

---

[2] Plaintiff states that he fell and struck his head "[a]s a result of Defendant Grubbs tasing [him]." Doc. No. [75] ¶ 3. Defendant City of Atlanta objects that the statement is "argumentative and goes to the issue of causation." Doc. No. [77] ¶ 3. The Court agrees with Defendant, but the record shows that Plaintiff fell and struck his head after Officer Grubbs tased him. Thus, the Court includes that fact here.

for violating O.C.G.A. § 40-6-97 (Pedestrian Soliciting on Roadway) and O.C.G.A. § 17-4-6 (Obstructing Law Enforcement Officer). Doc. No. [78] ¶ 2.

Plaintiff filed this action on May 7, 2019 (Doc. No. [1]) and later amended his complaint (Doc. No. [52]). Plaintiff brings a claim under 42 U.S.C. § 1983 for violation of his constitutional rights, as well as a claim for assault and battery under O.C.G.A. §§ 51-1-13, -14. Doc. No. [52] ¶¶ 29–45.[3] On April 26, 2021, Plaintiff moved for partial summary judgment, arguing that Defendant City of Atlanta is liable for Plaintiff's medical bills and future medical expenses under O.C.G.A. § 42-5-2. Doc. No. [75]. Defendant City of Atlanta responded in opposition (Doc. No. [78]), and Plaintiff replied (Doc. No. [80]). The Court discusses the Parties' arguments in greater depth below. This matter is now ripe for review, and the Court rules as follows.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[3] The Court recently dismissed Plaintiff's third count (Doc. No. [84]), which brought a claim under a respondeat superior theory (See Doc. No. [52] ¶¶ 46–47).

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'— that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court should resolve all reasonable doubts in the non-movant's favor. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). In addition, the court must "avoid weighing conflicting evidence or making credibility determinations." Stewart v. Booker T. Washington Ins., 232 F.3d 844, 848 (11th Cir. 2000). When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute for trial. Fitzpatrick, 2 F.3d at 1115 (citations omitted).

### III.    DISCUSSION

Plaintiff contends that the Court should grant partial summary judgment for Plaintiff on the question of whether Defendant City of Atlanta is liable for Plaintiff's medical bills and future medical expenses under O.C.G.A. § 42-5-2 because Plaintiff was injured while in Defendants' custody. Doc. No. [75], 4–9.

Under Georgia law, a governmental unit "having the physical custody of an inmate" is responsible for providing necessary medical and hospital attention for that inmate. O.C.G.A. § 42-5-2(a). A governmental unit is also responsible for "bear[ing] the costs of any reasonable and necessary emergency medical and hospital care," as well as "any reasonable and necessary follow-up medical or hospital care rendered to any such inmate as a result of the initial emergency care

6

and treatment of the inmate." Id.; but see City of Atlanta v. Mitcham, 296 Ga. 576, 576, 769 S.E.2d 320, 322 (2015) (finding that the care of inmates in custody is "a governmental function for which sovereign immunity has not been waived").

When a law enforcement officer subdues a subject, renders first aid, and causes the subject to be transported to the hospital, physical custody is shown. Macon-Bibb Cnty. Hosp. Auth. v. Reece, 228 Ga. App. 532, 534, 492 S.E.2d 292, 294 (1997) (citing Cherokee Cnty. v. N. Cobb Surgical Assocs., P.C., 221 Ga. App. 496, 497–98, 471 S.E.2d 561, 563 (1996)). Moreover, an individual qualifies as an "inmate" under O.C.G.A. § 42-5-2 when he is detained by reason of being charged with a crime. Id. at 535, 492 S.E.2d at 295; see also Cherokee Cnty., 221 Ga. App. at 498–99, 471 S.E.2d at 563–64 (determining that an individual qualified as an inmate under O.C.G.A. § 42-5-2 "because he was injured while being taken into physical custody by the county sheriff's department and who, but for the seriousness of his injuries, would have been placed in the county's detention facility").

Plaintiff argues that he was in custody under Georgia law because he was subdued when Officer Grubbs tased and then detained him, Officer Grubbs rendered some form of aid, and Plaintiff was transported to the hospital. Doc.

7

No. [75], 4–9. Plaintiff also argues that he qualifies as an inmate under O.C.G.A. § 42-5-3 because he was detained by reason of being charged with a crime as the underlying events occurred. Id. at 6–8. Thus, Plaintiff argues he is "entitled to summary judgment on the issue of payment of past and present medical expenses incurred while in the custody of City of Atlanta and Atlanta Police Department." Id. at 8.

Defendant City of Atlanta argues that Plaintiff's Motion is premature and improperly presented because "Plaintiff never made a claim against the City for violation of O.C.G.A. § 42-5-2," and thus no discovery took place on that issue and the City had not opportunity to establish defenses to such a claim. Doc. No. [78], 3–5. The City also argues that several of Plaintiff's supporting exhibits are not admissible and, in any event, do not support his motion for summary judgment. Id. at 5–7.

In reply, Plaintiff argues that the City admits that Plaintiff was tased and in custody. Doc. No. [80], 1–2. Plaintiff also contends that the City "does not respond to the merits of Plaintiff's legal arguments" and that the City cannot now argue that "it lacked notice that Plaintiff was claiming damages for past present and future [sic] medical bills related to being seized" because that "was

specifically disclosed in Plaintiff's discovery responses." Id. at 2. Additionally, Plaintiff argues that it need not have cited O.C.G.A. § 42-5-2 in its Amended Complaint in order to seek damages thereunder, and the pleading made clear that Plaintiff was seeking damages for injuries suffered during the underlying incident. Id. at 2–5. Further, Plaintiff argues that he presented enough evidence to be entitled to partial summary judgment because he has provided full deposition transcripts to support his motion, and his documentary evidence did not need to be authenticated for purposes of summary judgment. Id. at 5–9. Finally, Plaintiff reiterates his legal argument that he was injured in custody and that the City of Atlanta is responsible for his medical bills. Id. at 9–13.

The Court must address what Plaintiff states in his own initial brief but which the Parties do not pursue further: "[T]he care of inmates in the custody of a municipal corporation is a governmental function **for which sovereign immunity has not been waived**." Doc. No. [75], 5 (emphasis added) (quoting Mitcham, 296 Ga. at 576, 769 S.E.2d at 322). Caselaw concerning how sovereign immunity applies to O.C.G.A. § 42-5-2 has not been entirely linear or clear. See Tattnall Cnty. v. Armstrong, 333 Ga. App. 46, 48–50, 775 S.E.2d 573, 575–78 (2015), overruled on other grounds by Rivera v. Washington, 298 Ga. 770, 784 S.E.2d 775

(2016) (discussing prior decisions' misapplications of immunity in the O.C.G.A. § 42-5-2 context).[4] In recent years, however, courts have consistently held that a municipality's provision of medical treatment under O.C.G.A. § 42-5-2 is a governmental task for which sovereign immunity has not been waived. E.g., Mitcham, 296 Ga. at 580–81, 769 S.E.2d at 324–25; Purvis v. City of Atlanta, 142 F. Supp. 3d 1337, 1349–51 (N.D. Ga. 2015) (stating that the treatment of individuals in municipal custody is a "solidly governmental function[]").[5] But the caselaw has not made clear whether sovereign immunity extends to a municipality's failure to pay for—as opposed to failure to provide—medical care. Compare Robinson v. Integrative Det. Health Servs., Inc., No. 3:12-CV-20 CAR, 2013 WL 331200, at *5 (M.D. Ga. Jan. 29, 2013) (determining that while a tort claim for failure to *provide* medical care under O.C.G.A. § 42-5-2 was barred by sovereign immunity, "sovereign immunity [does] not bar claims for failure to *pay for*

---

[4] Courts have also noted differences in how immunity applies between counties and municipalities in Georgia. E.g., Lake v. Skelton, 840 F.3d 1334, 1341 (11th Cir. 2016) ("Caselaw interpreting section 42–5–2 in the context of medical care suggests that the statute operates differently depending on whether the jail in question was a municipal or county jail.").

[5] Similarly, courts have found that O.C.G.A. § 42-5-2 did not waive sovereign immunity for counties. E.g., Tattnall Cnty., 333 Ga. App. at 51–52, 775 S.E.2d at 577–78; Marks v. Coffee Cnty. Sheriff's Off., No. 5:15-CV-147 (MTT), 2015 WL 5063723, at *3 (M.D. Ga. Aug. 27, 2015); Gish v. Thomas, 302 Ga. App. 854, 862–63, 691 S.E.2d 900, 907 (2010).

medical care") with Tattnall, 333 Ga. App. at 52, 775 S.E.2d at 578 n.10 (noting that while sovereign immunity precludes claims under O.C.G.A. § 42-5-2, inmates could pursue claims for failure to provide medical treatment under 42 U.S.C. § 1983). Moreover, the authority on which Plaintiff primarily relies is in tension with and predates Mitcham, which weighs against Plaintiff's argument.[6] And although the City admittedly did not address the immunity issue in its own brief, the Court will not ignore a statement of authority that Plaintiff himself cites.[7] Ultimately, because this issue has not been fully briefed and because, after review of the record, the Court finds that Plaintiff has not provided adequate evidence concerning his hospital stay, bills, and related matters, the Court finds that this matter is better reserved for trial. Cf. Bunyon v. Burke Cnty., 306 F. Supp. 2d 1240, 1264 (S.D. Ga.) (reserving proof of medical expenses under O.C.G.A.

---

[6] Namely, the case on which Plaintiff primarily relies found that O.C.G.A. § 42-5-2 waived sovereign immunity and thus stated that a county's "responsibility to pay all medical and hospital expenses may not be avoided by the defense of sovereign immunity." Macon-Bibb Cnty. Hosp. Auth. v. Houston Cnty., 207 Ga. App. 530, 428 S.E.2d 374 (1993). At least some of that premise appears to have been undermined by Mitcham and the other, later cases cited above.

[7] Moreover, Plaintiff has the burden to establish waiver of sovereign immunity. Ga. Dep't of Lab. v. RTT Assocs., Inc., 299 Ga. 78, 81, 786 S.E.2d 840, 843 (2016). Under the briefing presently before the Court, Plaintiff has not carried this burden. Indeed, Plaintiff discusses sovereign immunity only where he states that "sovereign immunity has not been waived" for the care of inmates under O.C.G.A. § 42-5-2. Doc. No. [75], 5.

§ 42-5-2 for trial). Thus, the Court finds that Plaintiff's motion for partial summary judgment is due to be denied. Because the Court finds that the motion is due to be denied, the Court does not address the City's other arguments.

The Court also *sua sponte* addresses the Amended Complaint's reference to the Atlanta Police Department. Plaintiff's pleading confusingly lists the municipal Defendant (or Defendants) as "City of Atlanta / Atlanta Police Dept." Doc. No. [52], 1. Plaintiff also separately introduces the City of Atlanta and the Atlanta Police Department in his Amended Complaint. Id. ¶¶ 7–8. Frankly, it is difficult to discern whether Plaintiff intended these entities to be separate Defendants, or if he named them jointly but intended for the City of Atlanta to be the operative Defendant. Either way, the Eleventh Circuit and federal courts sitting in Georgia have determined that Georgia's county and municipal police departments are not separate legal entities subject to suit because they are merely agents or instrumentalities of the county or municipality. E.g., Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006); Robinson v. City of Darien, 362 F. Supp. 3d 1345, 1376 (S.D. Ga. 2019) (dismissing claims against a city police department because it was "a non-legal entity incapable of suing or being sued"); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) ("Plaintiff cannot state a

claim against the City of Atlanta Police Department because the Department is not a proper party defendant. The Department is an integral part of the City of Atlanta government and is merely the vehicle through which the City government fulfills its policing functions. For this reason the Department is not an entity subject to suit and plaintiff's claim against it is hereby dismissed."). While those federal decisions typically stemmed from claims under 42 U.S.C. § 1983, e.g., Lovelace v. Dekalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005), the Court of Appeals of Georgia recently applied similar reasoning to state-law claims and "conclude[d] that municipal police departments are not separate legal entities subject to suit because they are merely agents or instrumentalities of the municipality," McClain v. Carrollton Police Dep't, 863 S.E.2d 172, 173 (Ga. Ct. App. 2021), reconsideration denied (Oct. 19, 2021); cf. Myers v. Clayton Cnty. Dist. Att'y's Off., 357 Ga. App. 705, 709, 849 S.E.2d 252, 256 (2020), reconsideration denied (Nov. 10, 2020) (stating that *county* "police departments, as mere arms of [county] governments, are not generally considered legal entities capable of being sued"). Thus, to the extent the Atlanta Police Department is a standalone Defendant in this action, then that Defendant is due to be dismissed because it is not a separate legal entity subject to being sued.

13

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. No. [75]). At this time, the Court declines to hold Plaintiff's requested evidentiary hearing concerning past and present medical expenses. Also, the Court **ORDERS** that the Atlanta Police Department is **DISMISSED** as a Defendant. The Court **DIRECTS** the Clerk to remove reference to the "Atlanta Police Dept." as a Defendant in the case styling on the docket. The City of Atlanta, however, **shall** remain as a Defendant.

After review, the Court deems this matter appropriate for mediation. The Court hereby **ORDERS** the Parties to participate in mediation of this case before an assigned United States Magistrate Judge for the Northern District of Georgia. The Court hereby **REFERS** this case to Chief Magistrate Judge Alan J. Baverman for assignment to the next available Magistrate Judge. Mediation will be scheduled at the discretion and convenience of the Magistrate Judge assigned. The Court **ORDERS** the Parties to file notice within **five (5) days** of the conclusion of the mediation advising this Court of the outcome. If the mediation is unsuccessful, the Parties' proposed pretrial order shall be due within **thirty**

**(30) days** of the conclusion of the mediation. The Court will thereafter set pretrial conference and trial dates.

    IT IS SO ORDERED this __16th__ day of November, 2021.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE