UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA GEORGIA

| | | |
|---|---|---|
| **JERRY BLASINGAME,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:19-CV-2047-SCJ** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **OFFICER J. GRUBBS, #6416,** | ) | |
| **and CITY OF ATLANTA/** | ) | |
| **ATLANTA POLICE DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION IN LIMINE PURSUANT TO FEDERAL RULES OF EVIDENCE §§ 403 AND 404

COME NOW Defendants in the above-styled action and file with this Court their Motion in Limine pursuant to Federal Rules of Evidence §§ 403 and 404 and request that this Court not allow any reference by Plaintiff to any Atlanta Police Department (APD) Office of Professional Standards (OPS) files of any matter prior to the incident giving rise to this lawsuit and/or the accompanying personnel files of Defendant Grubbs and Officer Keith Shelley while working in their capacities as

1

police officers.[1] Furthermore, Plaintiff should be prohibited from mischaracterizing undisputed evidence that APD tested its officers on the use of a taser prior to July 10, 2018. In support of this Motion, Defendants state the following:

I. **BACKGROUND**

As the Court is aware, this civil action arises out of an incident that took place on July 10, 2018 in the City of Atlanta. On that date, Defendant Grubbs attempted to arrest Plaintiff while Plaintiff was panhandling on the I-20 Eastbound ramp at I-75/85 Northbound. Defendant Grubbs believed Plaintiff to be in violation of City and State laws prohibiting said conduct. When Defendant Grubbs attempted to arrest Plaintiff for panhandling, Plaintiff ran and Defendant Grubbs chased Plaintiff. When Defendant Grubbs caught up with Plaintiff, Plaintiff gave a "clearance strike" in an attempt to further evade Defendant Grubbs. To stop Plaintiff from continuing to run on the interstate, Defendant Grubbs deployed his city-issued taser and tased Plaintiff once on Plaintiff's back. Plaintiff fell a short distance down a slight wooded embankment and into a concrete slab upon which a traffic control box was placed.

---

[1] While it appears that Plaintiff has removed from his proposed amended exhibit list references to prior OPS (or internal affairs) files and only refers to excerpts from Defendant Grubbs and Officer Keith Shelley's personnel files, out of an abundance of caution, the Defendants still request a ruling from this Court.

2

Plaintiff's fall resulted in him sustaining very severe injuries for which he was hospitalized.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. Internal Affairs and Personnel Files

As shown on Attachment G-1 (Plaintiff's Evidence List) of the Consolidated Pretrial Order, Plaintiff possibly intends to introduce into evidence "Atlanta Police Department: Internal Affairs File" and/or "Atlanta Police Department – Personnel File (Grubbs)". The Court will recall that defense counsel, during the conference, made inquiry as to the exact nature of those particular exhibits but Plaintiff's counsel simply responded with generalizations. Therefore, Defendants must assume that Plaintiff intends to introduce evidence of Defendant Grubbs' personnel file and/or the results of any previous internal affairs investigation(s). As such, Defendants believe that said exhibits and documentation should be deemed inadmissible at trial.

Quite frankly, Defendants are somewhat confused as to which documents Plaintiff intends to offer regarding Grubbs' history with APD. Assuming that Plaintiff intends to offer evidence pertaining to any past disciplinary measures or questionable conduct by Defendant Grubbs, said evidence is inadmissible. Federal Rule 403 states that "the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence". The troubling nature of such evidence is further underscored by Federal Rule 404(a) which states "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait". Again, Defendants are not certain exactly which part of any personnel file of Grubbs Plaintiff will seek to introduce. Whenever Plaintiff chooses to advance, said document is inadmissible.

First, there is no evidence in Grubbs' personnel file that indicates that he had ever been disciplined for excessive force either for using a taser or using excessive force against panhandlers. Therefore, any mention by Plaintiff of prior acts of Grubbs will simply be to inflame the passion of the jury and will result in prejudice to Grubbs.

In Thomas v. Mancuso, 209 WL 2616713 (2009), the district court granted defendant police officer's motions in limine thereby prohibiting plaintiff from introducing evidence of prior misconduct on the part of the police officer. The trial court determined that the evidence's "probative value must outweigh its prejudicial effect under Rule 403 and, should the district court admit any part of the evidence the district court must charge the jury to consider the evidence only for the limited

purpose for which it was admitted".  Thomas, citing Becker v. Arco Chem. Co., 207 F.3d 176, 189 (3rd Cir. 2000).

Thomas also set forth certain requirements that must be made if there is an attempt to use prior acts to establish the possibility that defendant committed the act for which the case is being tried.  Those requirements are a common plan, intent, or untruthfulness.  In the case before this Court, Plaintiff can make no such showing.  Plaintiff can only allege that Defendant Grubbs, in an isolated incident, used force against Plaintiff.

With regard to the Eleventh Circuit, determining whether evidence of prior acts is admissible with regarding to 1983 actions, the courts have used Graham v. Connor, 490 U.S. 386 (1989) as the guiding case.  Phillips v. Irwin, 2007 WL 2310038 (2007).  In Phillips, the court stated "Post-Graham, the Eleventh Circuit has emphasized that 'the excessive force inquiry should be completely *objective*, therefore excluding consideration of the officer's intention'" (citing Lee v. Ferraro, 284 F. 3d 1188 (11th Cir. 2002)).  Going further than Thomas, with its inquiry into motive and intent, the Phillips court concluded that a plaintiff's assertion that evidence of other wrongdoing by a defendant police officer was irrelevant to show intent as to a Fourth Amendment excessive force claim.  The court held that a plaintiff cannot introduce evidence to show malicious intent for purposes of a 42

U.S.C. § 1983 excessive force because such considerations were removed from Fourth Amendment analysis by the Supreme Court in <u>Graham</u>. *See*, <u>Phillips</u> citing <u>Nolan v. Isbell</u>, 207 F. 3d 1253 (11th Cir. 2000) which, citing <u>Graham,</u> held that "the Supreme Court rejected the fourth part of the four-part test that many Court of Appeals including this court had used in analyzing excessive force claims: the consideration of whether the officer acted in good faith or maliciously and sadistically". (Just as other evidence is not admissible, evidence regarding motive is not relevant in § 1983 excessive force claims with regard to the introduction of evidence such as internal affairs and personnel files.).

Again, Defendants are somewhat confused regarding exactly what part and the relevance of Defendant Grubbs' or Officer Shelley's personnel and/or internal affairs files Plaintiff will seek to use. Based upon the information available thus far through discovery and general discussion with the Court, it does not appear that anything other than Plaintiff attempting to vaguely reference Defendant Grubbs' alleged prior wrongdoing through the introduction of his internal affairs and/or personnel file is in play.

**B. Taser Testing Prior to July 10, 2018.**

So that the jury is not confused, and because Plaintiff has not presented any

evidence to the contrary, Plaintiff should not be allowed to argue or imply that APD officers were not trained and tested on the use of tasers prior to July 10, 2018. Defendants anticipate that Plaintiff will seek to imply that APD did not verify that its officers, like Defendant Grubbs, knew how to use a taser because there was no written exam. For example, APD Senior Patrol Officer (SPO) Michael Banja testified that while the fifty-question test implemented by the Taser company was not administered until 2019, APD officers were trained and recertified on Tasers yearly. (Banja Depo., 41:5 – 45:16). Confirmation of learning and comprehension was made via on-site/hands-on demonstrations and practice. Any implication by Plaintiff that APD did not test is simply not supported by the evidence offered by Plaintiff, and, therefore, should not be discussed in the presence of the jury.

## III. CONCLUSION

WHEREFORE, Defendants respectfully request that this Court rule that any reference to or use of Defendant Grubbs' or Officer Shelley's personnel files, internal affairs files, and references to past conduct are prohibited. Moreover, any argument that Defendant Grubbs was not trained on the use of a taser should not be allowed before the jury.

This 22nd day of July, 2022.

Respectfully submitted,

*/s/ Staci J. Miller*

7

| | |
|---|---|
| City of Atlanta Law Department<br>55 Trinity Avenue, Suite 5000<br>Atlanta, GA 30303<br>404.546.4100<br>sjmiller@atlantaga.gov | Staci J. Miller<br>Georgia Bar No.: 601594 |
| 1596 W. Cleveland Avenue, Suite 102<br>East Point, GA 30344<br>404.870.0010 / tele<br>jdearing@jed-law.com | ***/s/ James E. Dearing, Jr.***<br>James E. Dearing, Jr.<br>Georgia Bar. No.: 215090<br>*Attorney for Defendants* |

8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA GEORGIA

| | | |
|---|---|---|
| **JERRY BLASINGAME,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:19-CV-2047-SCJ** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **OFFICER J. GRUBBS, #6416,** | ) | |
| **and CITY OF ATLANTA/** | ) | |
| **ATLANTA POLICE DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANTS' MOTION IN LIMINE** upon Counsel below via Statutory Electronic Service, properly addressed as follows:

Ven R. Johnson
Johnson Law, PLLC
535 Griswold Street, Suite 2600
Detroit, MI 48226
vrjohnson@venjohnsonslaw.com

Darren Tobin
Tobin Injury Law
49B Lenox Point NE
Atlanta, GA 30324
darren@tobininjurylaw.com

This 22nd day of July, 2022.

Respectfully submitted,
***/s/ Staci J. Miller***
Staci J. Miller
Georgia Bar No.: 601594

City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
404.546.4100
sjmiller@atlantaga.gov

***/s/ James E. Dearing, Jr.***
James E. Dearing, Jr.
1596 W. Cleveland Avenue, Suite 102     Georgia Bar. No.: 215090
East Point, GA 30344     *Attorney for Defendants*
404.870.0010 / tele
jdearing@jed-law.com