# UNITED STATE DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA GEORGIA

| | |
|---|---|
| JERRY BLASINGAME, | . |
| Plaintiff, | . |
| v. | . Case No. 1:19-cv-2047-SCJ |
| OFFICER J. GRUBBS, #6416, and CITY OF ATLANTA/ ATLANTA POLICE DEPARTMENT | . |
| Defendants. | . |

## MOTION IN LIMINE TO PRECLUDE REFERENCE TO DISTRICT ATTORNEY'S DECISION NOT TO PROSECUTE DEFENDANT GRUBBS FOR HIS USE OF FORCE ON JERRY BLASINGAME

NOW COMES Plaintiff, Keith Edwards as Guardian and Conservator for Jerry Blasingame, by and through counsel, Johnson Law, PLC, and pursuant to Federal Rules of Evidence 401, 402, and 403, files this Motion in Limine to preclude reference to the District Attorney's decision not to prosecute Defendant Grubbs for his use of force on Jerry Blasingame as irrelevant, as well as confusing and misleading to the jury. For the reasons discussed herein, Plaintiff respectfully requests this Court grant this motion.

1

## LAW AND ARGUMENT

Plaintiff brought suit against Defendant Grubbs alleging unconstitutional use of force on Jerry Blasingame causing disabling and life-altering injuries. (ECF No. 1). The Fulton County District Attorney completed a criminal investigation of Defendant Grubbs' use of force on Jerry. The District Attorney's Office declined to bring any criminal charges against Defendant Grubbs. Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants should be precluded from making reference to this fact as irrelevant as well as confusing and misleading to the jury.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is only considered relevant if (1) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, the fact that the District Attorney chose not to bring criminal charges against Defendant Grubbs is not relevant to whether Defendant Grubbs violated Jerry's Fourth Amendment right to be free from excessive force. The legal standard for criminal conduct is not the same as the legal standard for violation of the Fourth Amendment's prohibition on excessive force nor is it the same standard for any of Plaintiff's other legal theories, *see Graham v. Connor*, 490 U.S. 386 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1977), and neither is the applicable burden of proof. *See also Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d

306, 309 (4th Cir. 1987) ("a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than apply in a civil proceeding."). Further, the determination was made in October 2020, over two years after the applicable use of force in this case. Accordingly, it is not relevant to the issue of whether Defendant Grubbs' use of force on Jerry Blasingame was objectively reasonable under the circumstances.

Even if it was relevant, which Plaintiff disputes, it should still be excluded pursuant to Fed. R. Evid. 403. Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, permitting Defendant to introduce the District Attorney's decision into evidence would undoubtedly confuse the issues and mislead the jury. As explained above, the legal issues and standards are different and do not overlap – whether Defendant Grubbs was charged with a crime is not relevant or dispositive to Plaintiff's legal theories. Therefore, reference to this fact should be precluded by Fed. R. Evid. 401, 402 and 403.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests this Court grant his motion and enter an Order that precludes Defendants from entering evidence or making reference to the Fulton County District Attorney's decision not to bring criminal charges Defendant Grubbs for his use of force on Jerry Blasingame where it is not relevant to the legal issues in the case and would unduly confuse and mislead the jury.

Respectfully Submitted,

**JOHNSON LAW, PLC**

By: */s/ Vernon R. Johnson*
    VERNON (VEN) R. JOHNSON
    (MI Bar P39219)
    AYANNA D. HATCHETT
    (MI Bar 70055)
    Attorneys for Plaintiff
    535 Griswold, Suite 2600
    Detroit, MI 48226
    (313) 324.8300
    vjohnson@venjohnsonlaw.com
    ahatchett@venjohnsonlaw.com

TOBIN INJURY LAW

By: /s/ Darren M. Tobin
    DARREN M. TOBIN
    Attorney for Plaintiff
    267 W. Wieuca Road, NE, Suite 204
    Atlanta, GA 30342
    (404) 587.8423
    darren@tobininjury.com

## CERTIFICATE OF SERVICE

Undersigned hereby states that on July 25, 2022, she caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all parties having appeared in this matter, through their counsel of record, via the Court's CM/ECF electronic filing system.

/s/ Madeline M. Sinkovich