# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEITH EDWARDS, as guardian and
conservator for Jerry Blasingame,

  Plaintiff,

v.

OFFICER J. GRUBBS # 6416 and
THE CITY OF ATLANTA,

  Defendants.

CIVIL ACTION FILE

No. 1:19-CV-2047-SCJ

# **ORDER**

This matter appears before the Court on Plaintiff's Motions in Limine. Doc. Nos. [107][1]–[110]; [112].[2] Defendants responded in opposition. Doc. Nos. [121]–[122]. Having reviewed these matters, the Court rules as follows.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Plaintiff apparently inadvertently filed an incorrect motion at Doc. No. [107] and later "amended" that motion by filing the original version of the correct motion at Doc. No. [112]. The Court will consider the motion at [112] and construes the motion at Doc. No. [107] as moot and thus due to be denied. See Georgia Cas. & Sur. Co. v. Excalibur

## I. BACKGROUND

The Court recited the basic facts of this case in a prior Order (Doc. No. [85], 1–4), and the Court incorporates those facts and citations to the record herein by reference. Briefly, however: On July 10, 2018, Defendant Officer Jon Grubbs approached Jerry Blasingame, whom Officer Grubbs believed to be panhandling. Mr. Blasingame saw Officer Grubbs and attempted to flee on foot. Officer Grubbs ordered Mr. Blasingame to stop, but he did not stop and instead stepped or hurdled over a guardrail. Officer Grubbs pursued, and Mr. Blasingame swung at Officer Grubbs. Officer Grubbs drew his taser and tased Mr. Blasingame, who fell and struck his head on the concrete pad of a traffic control or utility box. Mr. Blasingame was hospitalized and received medical treatment.

On behalf of Mr. Blasingame, Plaintiff brings this action alleging violations of Mr. Blasingame's Fourth and Fourteenth Amendment Rights. Doc. No. [52], ¶ 1. Plaintiff alleges that Officer Grubbs, a City of Atlanta Police Officer, used objectively unreasonable and excessive force against Mr. Blasingame. Id. ¶¶ 34–35. Plaintiff also alleges that the City of Atlanta's "policies, procedures, protocols,

---

Reinsurance Corp., 4 F. Supp. 3d 1362, 1374 (N.D. Ga. 2014) (denying as moot a motion that had been superseded by a later-filed, amended motion).

and customs, whether written, unwritten, or de facto, are to blame for this unlawful use of excessive force." Id. ¶ 38. Plaintiff also brings a claim for assault and battery under O.C.G.A. §§ 51-1-13, -14. Doc. No. [52], ¶¶ 39–45. This case is currently set for trial to proceed on August 8, 2022. Doc. No. [103].

Plaintiff filed the instant Motions in Limine to exclude certain evidence and testimony. Defendants expressly oppose two of the four motions. The Court will discuss the motions and related arguments in greater depth below. Thus, the Court now rules as follows.

## II. LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules, evidence is considered relevant if it has the tendency to make a fact of consequence more or less probable. See Fed. R. Evid. 401(a)–(b). The Federal Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair

3

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

**III. ANALYSIS**

The Court now addresses each of Plaintiff's Motions in Limine in turn.

**A.  Plaintiff's Deposition Testimony, Prior Drug Use, and Criminal History**

Plaintiff moves to exclude Mr. Blasingame's prior deposition testimony and evidence of Mr. Blasingame's prior criminal history or bad acts. Doc. No. [108]. As to the deposition testimony, Plaintiff notes that because Mr. Blasingame suffered a brain injury due to the incident involving Officer Grubbs, he was unable to remember that incident during his deposition. Id. at 2. Thus, Plaintiff argues, the deposition testimony contains no information relevant to this action. Id. at 2–3. Further, Plaintiff notes that during the deposition, Mr. Blasingame mentioned his prior drug use and criminal history. Id. Plaintiff moves to exclude reference to these matters, arguing that they are irrelevant to the issue of whether Officer Grubbs used objectively unreasonable force. Id. at 2, 4.

Defendants oppose this motion, arguing that the evidence Plaintiff seeks to exclude is admissible because it will contextualize why Mr. Blasingame fled Officer Grubbs. Doc. No. [121], 1. Defendants argue that Mr. Blasingame's prior

4

criminal history includes a charge and arrest for panhandling on the interstate. Id. Thus, Defendants argue, Mr. Blasingame knew why Officer Grubbs initially approached him on July 10, 2018, and that prior criminal history explains why Mr. Blasingame ran from and attempted to evade Officer Grubbs. Id. at 1–2. This context, Defendants argue, makes this evidence relevant and admissible. See id. at 2–3.

Evidence is relevant if it has any tendency to make a fact of consequence in the action more or less probable than the fact would be without the evidence. Fed. R. Evid. 401. Relevant evidence generally is admissible but may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 402, 403. Evidence of a crime, wrong, or other act is inadmissible to prove a person's character to show that the person acted in accordance with that character on a particular occasion. Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2); see also Knight ex rel. Kerr v. Miami-Dade Cnty., 856 F.3d 795, 816–17

(11th Cir. 2017) (evidence of a witness's criminal conviction for which he was on probation was admissible to show his motive to flee from law enforcement).

Here, the incident that resulted in Mr. Blasingame's injury transpired after Mr. Blasingame fled from Officer Grubbs, who had witnessed Mr. Blasingame panhandling. Defendants contend that part of Mr. Blasingame's criminal history includes an arrest for panhandling. The Court finds that this portion of Mr. Blasingame's prior criminal history is relevant insofar as it may explain why he ran away from Officer Grubbs. Also, the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice. On the other hand, Defendants do not make any material showing that other prior arrests or parts of Mr. Blasingame's criminal history are relevant to the claims or underlying events. Nor do Defendants show that Mr. Blasingame ran from Officer Grubbs for any reason associated with his prior drug use. Thus, the Court finds that evidence concerning those issues is irrelevant, unduly prejudicial, and due to be excluded.

Accordingly, the Court concludes that evidence of Mr. Blasingame's prior criminal background related to his previous arrest for panhandling is relevant and admissible, but evidence of his prior drug use and other aspects of his criminal history is irrelevant and inadmissible. Due to that ruling, the Court will

not exclude the entirety of the transcript of Mr. Blasingame's deposition. The Court will reserve ruling further with respect to excluding portions of the transcript to the extent any related issues are raised at trial. For these reasons, this motion is due to be granted in part and denied in part.

### B. District Attorney's Decision Not to Prosecute Officer Grubbs

Plaintiff moves to exclude reference to the decision by the Fulton County District Attorney not to prosecute Officer Grubbs for his use of force on Mr. Blasingame. Doc. No. [109]. Plaintiff argues that such evidence is irrelevant because the District Attorney's decision not to bring criminal charges is not relevant to whether Officer Grubbs violated Mr. Blasingame's right to be free from excessive force. Id. at 2–3. Further, Plaintiff argues that such evidence would be confusing and misleading to the jury. Id. at 3.

Defendants did not respond to this motion. Further, Defendants' statement in a response brief regarding a separate motion in limine indicates that they do not oppose this motion. See Doc. No. [122], 2 n.4 (referring to but not identifying "a separate motion in limine to which Defendants do not object"). After review, and given Defendants' apparent lack of opposition to this motion, the Court finds that this motion is due to be granted. Defendants are precluded from entering

7

evidence concerning or referring to the Fulton County District Attorney's decision not to bring criminal charges against Officer Grubbs for his use of force on Mr. Blasingame.

   **C.    Hearsay Documents**

Plaintiff moves to exclude certain documents Defendants listed in the joint pretrial order, arguing that those documents constitute inadmissible hearsay. Doc. No. [110]. Plaintiff contends that the listed documents consist of "City of Atlanta police reports, documentation, and notes drafted by defendant Grubbs and other Atlanta Police Department officers and officials[, which] are hearsay and therefore inadmissible." Id. at 2. Defendants oppose this motion in limine, arguing that witnesses called to trial may be able to testify regarding the documents at issue, which would remove any hearsay issues. Doc. No. [122].

Defendants are correct that to the extent the out-of-court declarant is also the testifying witness, the out-of-court statement likely is admissible. See United States v. Tolson, 488 F. App'x 399, 401 (11th Cir. 2012); cf. United States v. Walthour, 202 F. App'x 367, 371 (11th Cir. 2006) (determining that statements in a police officer's report were inadmissible hearsay when someone other than the

reporting officer was asked to testify about the report). Further, Federal Rule of Evidence 801 provides numerous hearsay exceptions that may apply.

At this time, the Court will not categorically rule on this motion in limine. The Court does not know whether any of the listed documents will be the subject of testimony by those who drafted them, whether the documents may fall into a hearsay exception, or whether the documents will be used for impeachment purposes. Thus, the Court will rule on the admissibility of specific documents as they are offered at trial.

### D. <u>Unidentified Expert Witnesses</u>

Finally, Plaintiff moves "to preclude Defendants from calling any police misconduct or proximate cause experts and from eliciting expert testimony from non-expert witnesses." Doc. No. [112]. Plaintiff argues that Defendants have not disclosed the retention of any such expert witness and, because trial is imminent, cannot timely disclose any such expert prior to trial. <u>Id.</u> at 2–3. Further, Plaintiff contends that Defendants' medical damages expert witness is not qualified to opine on police practice questions. <u>Id.</u> at 3. Finally, Plaintiff argues that the Court should not permit Defendants to elicit expert testimony on these issues from lay or fact witnesses. <u>Id.</u> at 3–4. Defendants have not responded to this motion.

After due consideration, the Court finds that Plaintiff's motion is due to be granted as to unidentified expert witnesses. Under Fed. R. Civ. P. 26(a)(2):

> A party must make [expert] disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2). Further, if a witness is not testifying as an expert, opinion testimony from that witness is limited to an opinion that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701; see also Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 684 (M.D. Fla. 2010) (determining that lay witness could not testify on matters that would be the subject of expert testimony when the witness had not timely been disclosed as an expert).

To the extent Defendants intend to present expert testimony on the issues of police misconduct and proximate cause, they are precluded from doing so

10

because they have not made the mandatory expert disclosures as required under Federal Rule of Civil Procedure 26. Further, Defendants are precluded from eliciting expert testimony regarding police misconduct and proximate cause from witnesses who are not qualified to opine on such issues. However, if any issues arise during trial regarding whether testimony from a witness relates to police misconduct or proximate cause, the Court may make a determination as to whether such testimony falls within the scope of opinion testimony allowed under Federal Rule of Evidence 701.

Accordingly, as provided above, the Court finds that Plaintiff's Motion in Limine at Doc. No. [112] is due to be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **RULES** as follows:

The Motion in Limine at Doc. No. [107] is **DENIED as moot**.

The Motion in Limine to Preclude All Reference to Plaintiff's Prior Deposition Testimony, Prior Drug Use, and Criminal History (Doc. No. [108]) is **GRANTED in part and DENIED in part.** Evidence of Mr. Blasingame's prior criminal background related to his previous arrest for panhandling is permitted, but evidence of his prior drug use and other aspects of his criminal history is

excluded. Also, the Court will not exclude the entirety of the transcript of Mr. Blasingame's deposition and will reserve ruling further with respect to excluding portions of the transcript to the extent any related issues are raised at trial.

The Motion in Limine to Preclude Reference to District Attorney's Decision Not to Prosecute Defendant Grubbs for His Use of Force on Jerry Blasingame (Doc. No. [109]) is **GRANTED**. Defendants are precluded from entering evidence concerning or referring to the Fulton County District Attorney's decision not to bring criminal charges against Officer Grubbs for his use of force on Mr. Blasingame.

The Court **DEFERS** ruling on the Motion in Limine to Preclude Defendants From Introducing Inadmissible Hearsay Documents (Doc. No. [110]). The Court will rule on the admissibility of specific documents as they are offered at trial.

Finally, the Motion in Limine to Preclude Defendants From Calling Police Misconduct, Proximate Cause Experts & Eliciting Expert Testimony From Non-Expert Witnesses (Doc. No. [112]) is **GRANTED**. Defendants are precluded from presenting expert testimony on the issues of police misconduct and proximate cause. Defendants are also precluded from eliciting expert testimony regarding police misconduct and proximate cause from witnesses who are not qualified to

opine on such issues. However, if any issues arise during trial regarding whether testimony from a witness relates to police misconduct or proximate cause, the Court may make a determination as to whether such testimony falls within the scope of opinion testimony allowed under Federal Rule of Evidence 701.

**IT IS SO ORDERED** this 5th day of August, 2022.

>  _/s/ Steve C. Jones_
>  **HONORABLE STEVE C. JONES**
>  **UNITED STATES DISTRICT JUDGE**