IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH EDWARDS, as guardian and
conservator for Jerry Blasingame,

    Plaintiff,

v.

OFFICER J. GRUBBS # 6416 and
THE CITY OF ATLANTA,

    Defendants.

CIVIL ACTION FILE

No. 1:19-CV-2047-SCJ

## ORDER

This matter appears before the Court on Defendants' Motion In Limine concerning internal affairs and personnel files. Doc. No. [106], 3–6. Plaintiff's exhibit list refers to an internal affairs file and a personnel file regarding Officer Grubbs. See Doc. No. [96-9]. Defendants moved under Federal Rule of Evidence 404 to exclude past disciplinary measures as prejudicial because Officer Grubbs has never been disciplined for excessive force for using a taser or using excessive force against panhandlers. Id. at 3–4. Plaintiff responded that the personnel files

are not inadmissible because they are relevant to proving Plaintiff's liability claim against the City of Atlanta. Doc. No. [123], 4–5. Moreover, Plaintiff argues that evidence of prior use of force by Officer Grubbs is admissible under Rule 404(b) to prove identity, motive and intent, and modus operandi. Id. at 5–6.

The Court previously deferred ruling on this matter until it could review those files to determine what they contained. Doc. No. [130], 4–7. The Court has now received and reviewed the files. They contain: (1) disciplinary investigation filings relating to a complaint against Officer Grubbs for alleged use excessive force; (2) disciplinary investigation filings relating to an automobile accident in which Officer Grubbs was involved; and (3) general personnel records of Officer Grubbs and Officer Keith Shelley.

In short, the filings regarding Officer Grubbs's prior alleged use of excessive force stem from an incident in which Officer Grubbs and numerous other officers detained a suspect who suffered abrasions and other minor injuries as he was being arrested. The investigative file is extensive and contains witness statements from multiple officers. It contains no official witness statement from the suspect, who was asked to provide a statement but seemingly did not do so. The statements from the officers were consistent in describing the suspect as

2

combative and stating that some force was necessary to detain him. There were no allegations that Officer Grubbs used a taser or other weapon. The injuries to the suspect appear to have resulted from him being pinned to the ground as he resisted arrest. After the investigation, the City of Atlanta determined that there was not enough evidence to find that Officer Grubbs had used excessive force.

The Court finds that this file is not admissible under Rule 404. It contains the only accusation against Officer Grubbs of excessive force in his personnel file, and it does not involve Officer Grubbs using a taser. Moreover, Officer Grubbs was determined after a thorough investigation not to have used excessive force. The caselaw is consistent in excluding such evidence unless prior complaints of excessive force were sustained, numerous, and/or factually similar to the case at issue. See, e.g., Mowrey v. City of Fort Wayne, No. 1:12-CV-121, 2013 WL 6512664, at *8 (N.D. Ind. Dec. 12, 2013) (denying evidence concerning prior bad acts when the plaintiff failed to show that those acts resembled the alleged use of excessive force at issue in the lawsuit); Fox-Martin v. Cnty. of Cook, No. 09 C 1690, 2010 WL 4136174, at *3–4 (N.D. Ill. Oct. 18, 2010) (excluding disciplinary records when the plaintiff could not show factually similar complaints that were sustained). Moreover, the Court finds that the probative value of this record is

3

substantially outweighed by the danger of unfair prejudice to Officer Grubbs. Also, the Court finds that this single report is not relevant under Plaintiff's Monell claim because it does not show a custom or practice of repeated violations. See Velazquez v. City of Long Beach, 793 F.3d 1010, 1027–29 (9th Cir. 2015) (reversing trial court's decision to exclude prior disciplinary records that were numerous and that concerned incidents of excessive force that resembled the excessive use of force at issue in the case). The case Plaintiff cites for support is inapposite because it involved multiple prior and similar complaints that could show the officer's modus operandi and the city's failure to discipline, train, and supervise him. Lewis v. City of Albany Police Dep't, 547 F. Supp. 2d 191, 201 (N.D.N.Y. 2008). The file at issue is different because it involves only one prior complaint, and the thorough investigation resulting in a finding of not sustaining the complaint against him does not tend to show that the City of Atlanta failed to discipline, train, and supervise Officer Grubbs. Accordingly, the Court **GRANTS** Defendant's Motion in Limine as to the investigation file concerning the prior complaint of excessive force against Officer Grubbs. Plaintiff shall not use this evidence under Rule 404(b) to prove identity, motive and intent, and modus operandi, nor shall he use it to show a custom of violations by the City of

4

Atlanta. If during trial Plaintiff intends to use this evidence for another reason, the Court will consider arguments to that regard outside the presence of the jury.

Next, the personnel files contain investigation records concerning an automobile accident in which Officer Grubbs was involved. That accident resulted from Officer Grubbs losing control of his vehicle while driving in the snow, hitting a patch of ice while going downhill on a street in Atlanta, and colliding with a vehicle abandoned in the middle of the road. The Court finds that nothing in that record is relevant to this action because it does not involve any use of force, and Officer Grubbs was found not to have violated any internal policy because the accident was essentially unavoidable under the circumstances. Thus, the Court **GRANTS** Defendants' Motion in Limine with respect to this record. Plaintiff may not introduce it at trial.

Finally, the Court has reviewed the personnel file excerpts for Officer Grubbs and Officer Shelley. Those files consist of hiring records, performance evaluations, and human resources "workflow status" documents. Based on the Court's review, nothing in these files relates to the claims at issue in the case. In particular, the performance evaluation of Officer Grubbs does not provide details of the evaluation to make it relevant to Plaintiff's <u>Monell</u> claim. Thus, the Court

5

**GRANTS** Defendants' Motion in Limine as to the personnel file excerpts for Officer Grubbs and Officer Shelley. Plaintiff shall not introduce these files at trial.

IT IS SO ORDERED this ___16th___ day of August, 2022.

_____

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

6