# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH EDWARDS as Guardian and Conservator for JERRY BLASINGAME,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER J. GRUBBS, #6416; and CITY OF ATLANTA/ATLANTA POLICE DEPT,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  FILE NO: 1:19-CV-2047-SCJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CITY DEFENDANTS' RESPONSE REGARDING DISCOVERY DISPUTE

**COMES NOW**, Defendant City of Atlanta, by and through the undersigned counsel, in response to the discovery dispute concerning the final and complete Atlanta Police Department (APD) Office of Professional Standards (OPS) file, showing the Court as follows:

### I.  FACTUAL BACKGROUND

The internal investigation into the alleged use of excessive force and body worn camera violation involved an investigation by OPS, GBI, and the Fulton County District Attorney's Office. As a result, the complete closeout of the file took over three years.

1

However, at each stage of the investigation, the City, through its undersigned counsel, turned over the entire portion of the file that it had received, as requested. In January of 2020, the City responded as follows to the request:

*<u>01.20.20 RESPONSES TO FIRST ROGS AND RPDS</u>*

**INTERROGATORY NO. 16:** State in your own words whether you believe you did anything wrong, related to the allegation in the operative complaint.

**ANSWER:** An investigation of the incident involving Officer J. Grubbs by the Atlanta Police Department Office of Professional Standards (OPS) is in process to determine whether any violations occurred. Officer Grubbs' statements concerning this incident will be contained in the OPS Investigation File.

**INTERROGATORY NO. 17:** Based on your understanding of the incident that is the subject of this litigation and in general on your understanding of the allegations set forth in the operative complaint, which person, people, or entities are responsible, even slightly, for the damages and/or harm Plaintiff(s) alleged to have suffered? In other words, if you believe we sued the wrong people or entities, please identify who the correct ones are, and why you believe they bear responsibility.

**ANSWER:** Defendant objects to this interrogatory on the basis that the information requested is protected by the attorney-client privilege and/or work/product rule. Subject to, and without waiving said objection, an investigation of the incident involving Officer J. Grubbs by the Atlanta Police Department Office of Professional Standards (OPS) is in process to determine whether any violations occurred. Officer Grubbs' statements concerning this incident will be contained in the OPS Investigation File.

**REQUEST FOR PRODUCTION NO. 1:** Any and all police reports, records, notes, memorandums, witness statements, investigation reports, diagrams, video tapes, photos taken at the scene, and recordings regarding, or related to, the incidents which are the subject of Plaintiffs' Complaint.

**ANSWER:** Please refer to bates stamped BLASINGAME/COA000004 - 000014.

Additionally, on March 21, 2021, the City responded to Plaintiff's second interrogatories and third request for production of documents as follows:

*03.21.21 RESPONSES TO PLTF 2ND ROGS AND 3RD RPDS*

**INTERROGATORY NO. 12:** Please explain how Grubbs violated each ADP SOP, if any, that he violated on July 10, 2018 and any discipline related to such violations.

**RESPONSE:** The City states that APD is finalizing its OPS report and, therefore, the City will supplement its response to Interrogatory No. 12.

**REQUEST FOR PRODUCTION NO. 1:** An unaltered full and complete copy of the file of the Office of Professional Standards Internal Affairs (hereafter "OPS") investigation file number 18-i -0354-UAF including but not limited to any and all transcripts and recordings of all statements taken, and all emails sent or received referring to or relating to this investigation including the emails sent to Jon Grubbs and Keith Shelley with their transcripts attached, and all attachment to such emails.

**RESPONSE:** The City objects to this Request to the extent that the information requested is protected by the attorney-client privilege. Subject to, and without waiving said objection, the City states that APD is finalizing its OPS report and, therefore, please see the attached documents Bates-labeled BLASINGAME/COA 000359 – 000417 for the incomplete file.

Thus, as the undersigned counsel received portions of the incomplete file, those portions were bates-labeled and turned over to the Plaintiff's Counsel. When the undersigned counsel learned that Ofc. Grubbs had been disciplined, this information was, regrettably, not turned over to Plaintiff Counsel under the belief that the full and complete file would be available quickly thereafter to be reviewed by the undersigned counsel and produced to Plaintiff's Counsel.

However, the undersigned counsel did not receive the completed file until August 1, 2022, after confirming that the completed file had never been received. The completed file was then marked as an exhibit and produced Plaintiff's Counsel.

## II. ARGUMENT AND CITATION TO AUTHORITIES

### a. An Order of Default Judgment is not Warranted in this Case.

> FED.R.CIV.P. 37(b)(2)(C). This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule. For example, a default judgment sanction requires a willful or bad faith failure to obey a discovery order. *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).
>
> Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. *In re Chase and Sanborn Corp.,* 872 F.2d 397, 400 (11th Cir.1989) (inability to comply); *Equal Employment Opportunity Comm'n v. Troy State Univ.,* 693 F.2d 1353, 1357 (11th Cir.1982) (simple negligence or misunderstanding).
>
> Finally, the severe sanction of a dismissal or default judgment is appropriate **only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders**.
> *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d 1536 (1993)(citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)(emphasis added).

The default judgment is the most awesome weapon in the Rule 37 arsenal. Yet it is evident from the record that no other sanction would have been appropriate. The appellants made clear that under no circumstances would they comply with the discovery order. Thus there were no other means by which the appellees could secure a proper resolution of their claim. Judge Propst resorted to default only after finding that "it would be fruitless to consider other coercive measures" in light of appellants' steadfast assertions. The only effective remedy was the entry of a default judgment and assessment of damages. In the face of such obstreperous behavior we cannot find that the decision of the district court constituted an abuse of discretion. *Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538 (1985)(*citing *Aztec Steel Co.,* 691 F.2d at 481–82).

But the decision to enter a default judgment ought to be the last resort—ordered only
if noncompliance is due to willful or bad faith disregard of court orders. *1543 *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958); *Equal Employment Opportunity Commission v. Troy State University,* 693 F.2d 1353, 1354 (11th Cir.1982), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983); *Morton v. Harris,* 628 F.2d 438, 440 (5th Cir. Unit B 1980) (*per curiam* ), *cert. denied sub nom., Morton v. Schweiker,* 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981). On appeal we will also find an abuse of discretion if less draconian but equally effective sanctions were available. *Aztec Steel Co. v. Florida Steel Corp.,* 691 F.2d 480, 481–82 (11th Cir.1982), *cert. denied,* 460 U.S. 1040, 103 S.Ct.1433, 75 L.Ed.2d 792 (1983); *Diaz v. Southern Drilling Co.,* 427 F.2d 1118, 1126–27 (5th Cir.), *cert. denied sub nom, Trefina, A.G. v. United States,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

In this case, there has been no showing of bad faith on behalf of the City or the undersigned counsel that would render the severe sanction of default appropriate. In this Circuit, default judgment is a "last resort" that should only be taken when less severe sanctions would not ensure compliance. In this case, where there is no showing of bad faith through the previous actions of counsel or the course of discovery, and simple negligence led to the infraction, a less severe corrective measure is warranted. For the Court's review, the City has provided below two proposed corrective measures.

### b. The Body Worn Camera Violation was not a Constitutional Violation and as a Matter of Law, Could Not Form the Basis of a *Monell* Claim.

> A municipality cannot be held vicariously liable under section 1983 for a constitutional violation committed by its employee. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). But a plaintiff may establish municipal liability by showing that the employee's action "***alleged to be unconstitutional*** implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers." *Monell*, 436 U.S. at 690, 98 S.Ct. 2018.

The body worn camera violation was not a constitutional violation that would subject the City to *Monell* liability. Therefore, any corrective action taken to address the untimely disclosure of the file should not implicate the City's alleged *Monell* liability.

6

### c. The Imposition of Monetary Sanctions Against the City or its Counsel is Not Appropriate Under the Circumstances.

The law in this Circuit is clear that in the Fed. R. Civ. P. 37 context: 1) attorney's fees against a party should be awarded where there is no "substantial justification" for the failure to produce documents requested in discovery[1], and 2) attorneys "advising that conduct" have been required to pay attorney's fees where there is a record of discovery rules violations, motions to compel, and failure to adhere to court orders[2]. There has been no showing of multiple discovery rule violations, motions to compel, or violation of this Court's order regarding the same that would warrant assessing fees against the City of Atlanta or the undersigned counsel.

### III. PROPOSED REMEDIES

### a. Curative Instruction

The City respectfully requests that this Court give the jury a curative instruction stating that Plaintiff's Counsel was not aware of the OPS discipline until August 22, 2022. Therefore, he did not misrepresent anything to the jury during his opening or any line of questioning.

---

[1] Fed. R. Civ. P. 37(a)(5)(B); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (internal citations omitted).
[2] *Devaney*, 989 F.2d at 1163 (11th Cir. 1993; *Stuart I. Levin & Associates, P.A.* 156 F.3d at 1142.

### b. Judicial Notice

In the alternative, the City respectfully requests that the Court take judicial notice of the failure to timely supplement the requested information and instruct the jury that they are to not attribute any misrepresentation to Plaintiff's Counsel concerning whether disciplinary action was taken for the body worn camera violation.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the City respectfully requests that this Court deny Plaintiff's request for default judgment and/or sanctions against the City. There has been no showing of bad faith throughout the litigation of this matter that would warrant such a drastic penalty and a curative instruction and/or judicial notice of the issue would suffice to adequately cure any misunderstanding or negligence concerning the production of the complete OPS file.

This the 22nd day of August 2022.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
(404) 546-4083 *direct*
***Attorneys for City Defendants***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH EDWARDS as Guardian and Conservator for JERRY BLASINGAME, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION ) FILE NO: 1:19-CV-2047-SCJ ) ) |
| OFFICER J. GRUBBS, #6416; and CITY OF ATLANTA/ATLANTA POLICE DEPT, | ) ) ) ) |
| Defendants. | ) ) ) |

## **CERTIFICATION**

Counsel for the City Defendants hereby certifies that the foregoing has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

                                Respectfully Submitted,

                                */s/ Staci J. Miller*
                                **STACI J. MILLER**
                                Attorney
                                Georgia Bar No. 601594
                                Phone: 404-546-4083
                                Email: sjmiller@atlantaga.gov
                                ***Attorneys for City Defendants***

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH EDWARDS as Guardian and Conservator for JERRY BLASINGAME, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER J. GRUBBS, #6416; and CITY OF ATLANTA/ATLANTA POLICE DEPT, <br><br> Defendants. | ) ) ) ) ) ) CIVIL ACTION ) FILE NO: 1:19-CV-2047-SCJ ) ) ) ) ) ) ) ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of the following:

- **CITY DEFENDANTS' RESPONSE REGARDING DISCOVERY DISPUTE**

via the CM/ECF Electronic Filing System upon all counsel of record.

This 22nd day of August, 2022.

                                             **RESPECTFULLY SUBMITTED,**

                                             */s/ Staci J. Miller*
                                             **STACI J. MILLER**
                                             Attorney
                                             Georgia Bar No. 601594
                                             Phone: 404-546-4083

Email: sjmiller@atlantaga.gov
*Attorneys for City Defendants*

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, Georgia 30303
Office: (404) 546-4100
Fax: 404-225-5657