UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA GEORGIA

KEITH EDWARDS as Guardian and
Conservator for JERRY BLASINGAME,

    Plaintiff,

v.

OFFICER J. GRUBBS, #6416,
 and CITY OF ATLANTA/
ATLANTA POLICE DEPARTMENT

    Defendants.

Case No. 1:19-cv-2047-SCJ

**PLAINTIFF'S MOTION FOR DEFAULT
PURSUANT TO FED. R. CIV. P. 37**

NOW COMES Plaintiff, through his counsel, Johnson Law, PLC, and pursuant to Fed. R. Civ. P. to file this Motion for Default against both the City of Atlanta and Officer Jon Grubbs ("Grubbs") for their failure to disclose and/or supplement discovery. Specifically, Defendants failed to produce the complete Office of Professional Conduct (OPS) for Officer Grubbs, concerning only the subject event of this suit, until five days before trial was originally scheduled to proceed, on August 8, 2022. Thus, the focus of this motion centers on Defendants' proposed trial exhibit number 54.

1

## STATEMENT OF FACTS

On July 10, 2018, Jerry Blasingame was critically injured and rendered a quadriplegic when Defendant Jon Grubbs ("Grubbs") violated Mr. Blasingame's Fourth Amendment right to be free from excessive force. Grubbs pursued Mr. Blasingame on foot and used his taser to stop Mr. Blasingame from running away, while Mr. Blasingame began to descend one of many steep hills along the shoulder of I-20. When the probes from Grubbs' taser made contact, Mr. Blasingame fell down the hill and landed into a utility box platformed in concrete at the bottom of the hill. Not only did Grubbs violate numerous standard operating procedures related to tasing, neither the events leading up to or the tasing itself was captured on Grubbs' body worn camera.

This action was subsequently filed on Plaintiff's behalf on May 7, 2019, asserting the violation of his Fourth Amendment rights as well as claims under *Monell* against the City of Atlanta for their deliberate indifference to discipline, supervise, and/or adequately train Grubbs. Throughout discovery Plaintiff made multiple requests for responses to interrogatories and requests for production of documents to both defendants which included requests for Grubbs' entire personnel file (see interrogatories 2 and 3 in *Plaintiff's First Interrogatories and Requests for Production of Documents*). As seen in Plaintiff's proposed trial exhibit number ___, only excerpts of Grubbs' personnel file were ever produced. Likewise, interrogatory

number 5, requested a all current and previous investigations conducted by OPS to which Defendant cited and produced approximately 10 pages (Bate #004-0014).

The purported internal investigation into Grubbs' conduct began the day Mr. Blasingame was catastrophically injured-July 10, 2018-and continued until June 30, 2020.  Yet, six months later, after the close of the OPS investigation, when Plaintiff deposed Officer Grubbs on January 28, 2021, Grubbs hadn't been disciplined or been made aware of any findings made by OPS.

Included in the defendants' proposed trial exhibit number 54 (page 001858; 001936) is a memorandum dated on June 23, 2021 to Major M. Bates from Deputy T.D. Peek which issued a recommendation for Grubbs to be disciplined for his failure to properly "familiarize" himself with the rules and procedures that govern proper operation of the "city issued body worn cam."  Coupled with Deputy Peek's reprimand recommendation were additional findings made by Major Bates on July 14, 2021, who stated that the allegations of "unnecessary force" were "not-sustained," and that Grubbs' conduct was "justified, lawful, and proper." (page 001937)

As is detailed above, there is no doubt in this case that Plaintiff has consistently sought evidence relating to whether Officer Grubbs was disciplined relative to the events at issue in this litigation.  Those efforts included seeking information through interrogatories, requests to produce and depositions. Despite

the fact that Defendant Grubbs was disciplined in 2021 for his failure to have his body camera activated at the time he used lethal force against Plaintiff, that information did not come to light until the second week of trial when Officer Grubbs was testifying.

Of course, pursuant to Fed. R. Civ. P. 26(e)(1)(a), parties must supplement any disclosure or discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…"  There is simply no dispute in the present case that Defendants were aware that Plaintiff was not made aware of the fact that Officer Grubbs was indeed disciplined and that they never attempted to remedy that fact.

Just as Fed. R. Civ. P. 26 requires a party to supplement its discovery materials, so too does Fed. R. Civ. P. 37(c).  Pursuant to that rule,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

In turn, pursuant to Fed. R. Civ. P. 37(b)(2)(A), this Court's authority includes:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Respectfully, Plaintiff submits that when considering the remedies available to this Court, subpart (vi), which permits this Court to enter default judgment against the City of Atlanta and Grubbs is the only appropriate remedy. The other remedies available to this Court are primarily designed to either compel the production of the discovery materials or to instruct the jury that it must accept some fact or allegation as true. Yet, no such order would truly remedy the harm that has occurred here.

As the Court is aware, Plaintiff's counsel has repeatedly stated to this jury that Officer Grubbs was never disciplined for his failure to utilize his body camera,

5

starting with his opening statement and continuing throughout trial. Moreover, throughout the extensive preparation for this significant trial, Plaintiff has proceeded under that belief. In reality, Defendant Grubbs was aware in March 2021, very shortly after he was deposed, that disciplinary proceedings were under way. As of March 2021, Commander Bates of OPS had signed off on the report from Justina Collins in which she sustained disciplinary action relative to the body camera violation but *did not* sustain discipline for the use of force (another detail Plaintiff was not informed of until trial). Defendant Grubbs and the City of Atlanta were both aware that as of June 2021, the disciplinary proceedings were finalized. Likewise, defense counsel has been aware of those facts throughout the duration of trial and has taken no step to place Plaintiff on equal footing from an evidentiary standpoint.

    Plaintiffs not only proceeded through portions of discovery believing that Grubbs was never disciplined for these events, but also conducted extensive trial preparation under that impression. That preparation included developing arguments and strategies relative to the municipal liability claims pursuant to *Monell*. Time and resources were spent on developing those arguments and trial strategies which, unbeknownst to Plaintiff, were built in part on false information. That false information impacted everything from opening statement to the manner in which witnesses were questioned. In short, every aspect of Plaintiff's trial preparation was affected by this misconduct. In contrast, Defense counsel had the benefit of having

the true picture before it (and the benefit of knowing that Plaintiff *did not* have that true picture).

                                        Respectfully Submitted,

                                        **JOHNSON LAW, PLC**

Dated: August 22, 2022          By: */s/ Vernon R. Johnson*
                                                VERNON (VEN) R. JOHNSON
                                                (MI Bar P39219)
                                                AYANNA D. HATCHETT
                                                (MI Bar 70055)
                                                Attorneys for Plaintiff
                                                535 Griswold, Suite 2600
                                                Detroit, MI 48226
                                                (313) 324.8300
                                                vjohnson@venjohnsonlaw.com
                                                ahatchett@venjohnsonlaw.com

                                                TOBIN INJURY LAW

                                        By: */s/  Darren M. Tobin*
                                                DARREN M. TOBIN
                                                Attorney for Plaintiff
                                                267 W. Wieuca Road, NE, Suite 204
                                                Atlanta, GA 30342
                                                (404) 587.8423
                                                darren@tobininjury.com

## CERTIFICATE OF SERVICE

  Undersigned hereby states that on August 22, 2022, she caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all parties having appeared in this matter, through their counsel of record, via the Court's CM/ECF electronic filing system.

      */s/ Liza Dodson*