# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEITH EDWARDS, as guardian and conservator for Jerry Blasingame,

  Plaintiff,

v.

OFFICER J. GRUBBS # 6416 and THE CITY OF ATLANTA,

  Defendants.

CIVIL ACTION FILE

No. 1:19-CV-2047-SCJ

## ORDER

This matter is before the Court on Defendants' Motion for Judgment as a Matter of Law, which was made orally at the close of Plaintiff's case-in-chief at trial. Plaintiff orally opposed the motion. The Parties later filed supporting briefs on the docket. Doc. Nos. [151]; [152].[1] The Court orally did not grant the motion during trial and now enters this Order to perfect the record.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

This action arises out of an incident in which Defendant Officer Jon Grubbs tased and injured Jerry Blasingame.[2] As relevant here, Plaintiff asserted claims against Officer Grubbs and the City of Atlanta for violation of his constitutional rights. Doc. No. [52]. Those claims proceeded to trial. During his case-in-chief, Plaintiff entered numerous evidentiary exhibits and examined multiple witnesses, including Officer Grubbs, other employees of the City of Atlanta Police Department, and witnesses who were qualified as experts in law enforcement policies and procedure, economics, and healthcare matters.

At the close of Plaintiff's case-in-chief, Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). As to Plaintiff's claim against Officer Grubbs, Defendants argued there was no legally sufficient basis for a jury to find that, under the circumstances presented to him at the time of incident, Officer Grubbs had used excessive force against Mr. Blasingame. Defendants also argued that under the record developed in Plaintiff's case-in-chief, Officer Grubbs enjoyed qualified immunity. As to Plaintiff's claim against

---

[2] Plaintiff in this action is Keith Edwards, who is guardian and conservator for Mr. Blasingame.

the City of Atlanta, Defendants argued that Plaintiff had not presented enough evidence to show a pattern, policy, or custom that caused the constitutional injury alleged such that the City of Atlanta would be liable under Monell.

Rule 50(a) of the Federal Rules of Civil Procedure provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). Such a motion "may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

To grant a motion under Rule 50, the Court must find "'there is no legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007) (quoting

3

Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)). In considering a Rule 50 motion, the Court focuses on the sufficiency of the evidence. Id. The Court must consider the evidence in the record "draw all reasonable inferences in favor of the nonmoving party." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192–93 (11th Cir. 2004). Credibility determinations, the drawing of inferences, and the weighing of competing evidence are functions for the jury, not the Court. Id. at 1193.

Having considered the evidence in the record up to the end of Plaintiff's case-in-chief, the Court denied Officer Grubbs's request for judgment as a matter of law and deferred ruling on the City of Atlanta's request for judgment as a matter of law.[3]

The Court found that judgment as a matter of law was not appropriate as to the claim against Officer Grubbs. The Court determined that there was an evidentiary basis for the jury reasonably to find that Officer Grubbs had used excessive force against Mr. Blasingame because the record would allow the jury to find that Mr. Blasingame had not been committing a serious crime before he

---

[3] The Court has also reviewed and considered the supporting briefs. Doc. Nos. [151]; [152]. Those filings do not move the Court to alter its ruling as to the Rule 50(a) motion.

was tased, that Officer Grubbs did not fear for his safety, and that the exigent circumstances were not otherwise so severe as to permit Officer Grubbs's use of force. Thus, the Court found that there was an evidentiary basis for a reasonable jury to find that Officer Grubbs's use of force was necessary under the circumstances to seize Mr. Blasingame.

For the foregoing reasons, the Court **DENIED** the motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) in regards to Officer Grubbs. As to the claim against the City of Atlanta, the Court allowed the claim to be submitted to the jury, subject to the Court later deciding the legal question raised by the motion. This ruling does not preclude any party from renewing said motion at the appropriate time.

The Court **DIRECTS** the Clerk to terminate the pendency of the motion at Doc. No. [151].

**IT IS SO ORDERED** this 26th day of August, 2022.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

5