## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KEITH EDWARDS, as guardian and conservator for JERRY BLASINGAME, | |
| Plaintiff, | CIVIL ACTION NO. 1:19-cv-02047-SCJ |
| v. | |
| OFFICER J. GRUBBS, #6416, and CITY OF ATLANTA/ATLANTA POLICE DEPARTMENT, | |
| Defendants. | |

## DEFENDANT OFFICER J. GRUBBS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant Officer J. Grubbs, by and through his undersigned counsel, hereby submits his Renewed Motion for Judgment as a Matter of Law and Brief in Support pursuant to Federal Rule of Civil Procedure 50 and respectfully shows the Court the following:

### INTRODUCTION

Officer Grubbs should not be held liable for the conduct at issue because he is entitled to qualified immunity as a matter of law. Binding authority from the

United States Court of Appeals for the Eleventh Circuit dictates that qualified immunity applies when an officer deploys his **taser** during an **arrest** of a **noncompliant offender making threatening physical gestures** after a relatively **minor** traffic infraction. *Draper v. Reynolds*, 369 F.3d 1270 (11th Cir. 2004). "In the years since *Draper*," the Eleventh Circuit has "explicitly held—and thus clearly established—that [only] employing a taser on a compliant, nonthreatening suspect violates the Constitution." *Stryker v. City of Homewood*, 978 F.3d 769, 775 (11th Cir. 2020).

Blasingame appears to claim that two constitutional violations occurred: excessive use of force during his arrest and a lack of body camera footage of his arrest. But as a matter of law, Plaintiff cannot, and has not, shown that Grubbs' conduct violated a constitutional right. An officer's use of a taser at a less than lethal voltage and for a short amount of time against a fleeing, criminal suspect making threatening physical gestures does not reflect excessive use of force. Even if there is a question as to whether Plaintiff was threatening, there is no question that he was noncompliant. And, contrary to Plaintiff's crafty theory of liability, no court has ever found a constitutional right to body camera footage. Plaintiff has likewise failed to show that the rights that were allegedly violated were clearly established at the time the incident occurred. He must make this showing in light of the specific

-2-

context of the case, not as a broad general proposition.  Because there was no constitutional violation and because there was no clearly established constitutional right at the time of the incident, Officer Grubbs is entitled to qualified immunity as a matter of law.  Therefore, Defendant Grubbs respectfully requests that the Court grant this Renewed Motion for Judgment as a Matter of Law.

## BACKGROUND

Officer Grubbs adopts and incorporates the factual and procedural background set out by the City of Atlanta in its Renewed Motion for Judgment as a Matter of Law, Doc. 151 at 1–6.

## STANDARD OF REVIEW

Under Rule 50, a court should render judgment as a matter of law "when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Mercer v. Ala. Dept. of Transp.*, 2022 WL 3910604, at *6 (11th Cir. Aug. 31, 2022) (quotation and citation omitted); Fed. R. Civ. P. 50.  The Court should review the "record in the light most favorable to the nonmoving party, draw all reasonable inferences in that party's favor, and ignore all evidence favorable to the moving party that the jury need not believe."  *Mercer*, 2022 WL 3910604, at *6 (citation omitted).

## ARGUMENT AND CITATION TO AUTHORITY

### Officer Grubbs is entitled to qualified immunity.

A government official who is sued individually, like Officer Grubbs here, cannot be held liable "unless the law preexisting the [] official's supposedly wrongful act was already established to such a high degree that every objectively reasonable official standing in the defendant's place would be on notice that what the [ ] official was doing would be clearly unlawful given the circumstances." *Morton v. Kirkwood*, 707 F.3d 1276, 1280 (11th Cir. 2013) (citation and quotation marks omitted).  Because Officer Grubbs has made a threshold showing that he was acting within his discretionary authority, the burden shifts back to Plaintiff, who "must show that [the officer] does not merit qualified immunity."[1]  *Id.* at 1281.  To do so, Plaintiff must prove (1) that the facts he has shown make out a violation of a constitutional right, and (2) if so, that the right was "clearly established" at the time of Grubbs' alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citations omitted).  If the answer to one of these questions is "no," Grubbs is entitled to qualified immunity.

---

[1] Discretionary authority covers "all actions of a government official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." *Hinson v. Bias*, 927 F.3d 1103, 1116 (11th Cir. 2019).  Officer Grubbs "readily satisfied" this requirement, because his challenged actions were all undertaken "while on duty as [a] police officer[] conducting arrest . . . functions." *Id.*

Here, the answer to both questions is "no."  As a matter of law, Plaintiff's evidence at trial cannot satisfy these elements and the jury's verdict imposing liability was improper.

**A. Officer Grubbs did not violate Blasingame's Fourth Amendment rights.**

The jury found that Blasingame's Fourth Amendment rights were violated because Grubbs used excessive force.  Doc. 163 ¶ 1.  But as a matter of law, to determine whether Blasingame's constitutional rights were violated, this Court must "look to the underlying merits of" his claim.  *Underwood v. City of Bessemer*, 11 F.4th 1317, 1328 (11th Cir. 2021).  Plaintiff's excessive-force claim is brought under the Fourth Amendment.  Doc. 52 ¶¶ 29–38.  Fourth Amendment claims arguing "that law enforcement officers have used excessive force" should be analyzed under the Fourth Amendment's "reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Hunter v. City of Leeds*, 941 F.3d 1265, 1278 (11th Cir. 2019).  Under that standard, courts assess the officer's use of force "on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Johnson v. City of Miami Beach*, 18 F.4th 1267, 1272 (11th Cir. 2021) (citation and quotation marks omitted).  It is well settled that the right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Draper*, 369 F.3d at 1277–78 (citation and quotation

marks omitted).   Moreover, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 1278 (citation and quotation marks omitted).

Applying that standard here, Officer Grubbs could not have violated Blasingame's Fourth Amendment rights because, given the circumstances, Grubbs' actions were reasonable.  After resisting arrest, Blasingame fled from Officer Grubbs and Officer Shelley on foot, along the shoulder of a busy and dangerous highway.  Pl.'s Trial Ex. 15 at 2.  When Officer Grubbs got close to Blasingame, he used a backward swinging motion towards Grubbs.  *Id*.  In response, Grubbs deployed his taser into Blasingame's back as Blasingame attempted to flee again.  *Id*.  Grubbs did this as Blasingame was approaching a busy highway, thereby endangering himself, Officer Grubbs, and passing motorists.  *Id*.  Grubbs' taser was deployed at a less than lethal voltage.  At the point of engagement, there was a small hill that Blasingame fell down and hit his head against a large power box.  Doc. 151 at 2.

The United States Court of Appeals for the Eleventh Circuit held, in a similar scenario, that "[t]he single use of the taser gun may well have prevented a physical struggle and serious harm to either [the plaintiff or the officer]." *Draper*, 369 F.3d

at 1278.  In *Draper*, the Court found that an officer who used a taser did not violate the plaintiff's Fourth Amendment rights during the arrest when the plaintiff refused to comply with instructions during a traffic-stop arrest, the officer tased him once, and thereby avoided a confrontation that may have injured them both.  *Id*.  That is analogous to the scenario here: Blasingame resisted arrest by fleeing, feinted at Grubbs as if he was going to hit him, and ran along one busy interstate and towards another.  Pl.'s Trial Ex. 7 at 2.   By subduing him, Grubbs attempted to avoid harm to himself, Blasingame, and others as nearby "vehicles were traveling at highways speed." *Id*.  Applying *Draper*, other district courts in this Circuit have determined a reasonable officer in similar circumstances could have used the same level of force without committing a constitutional violation.[2]  And it makes no difference that the arrest was for a relatively minor infraction.  *See Howard,* 2022 WL 657359, at*6 (finding no constitutional violation when the officer used a taser on a suspect resisting arrest after "relatively minor offenses"); *see also Charles v. Johnson*, 18 F.4th 686, 701 (11th Cir. 2021) (finding no constitutional violation after an officer

---

[2] *See Floyd v. Corder*, 2010 WL 11520487, at *9 (N.D. Ala. Dec. 6, 2010) ("It is clear that the courts have not interpreted *Draper* to mean that use of a taser constitutes excessive force where the crime at issue is minor and the officer merely perceives some threat of violence."), *aff'd* 426 F. App'x 790 (11th Cir. 2011); *Howard v. St. Johns Cnty. Sheriff,* 2022 WL 657359, *6 (M.D. Fla. Mar. 4, 2022) (applying *Draper* and *Charles v. Johnson*, 18 F.4th 686 (11th Cir. 2021), and finding no constitutional violation).

deployed a single use of a taser on an individual who actively resisted arrest for more than five minutes).  In short, Officer Grubbs was not constitutionally required to desist from using his taser, and in doing so, allow Plaintiff to evade lawful arrest.

Both at trial and in his Response to the City of Atlanta's Renewed Motion for Judgment as a Matter of Law, Plaintiff also argued that Officer Grubbs committed a constitutional violation when he turned off his body camera after Blasingame fell down a hill and hit his head.  Doc. 168 at 21–22; Pl.'s Trial Ex. 35 at 3.  But this assertion is not supported by any caselaw.  In fact, there is ample caselaw saying that turning off a body camera is *not* a constitutional violation because "there is no constitutional right to a recorded arrest." *Jones v. Louisville/Jefferson Cnty. Metro. Gov't*, 2022 WL 3582181 (W.D. Ky. Aug. 19, 2022); *Mitchell v. Las Vegas Metro. Police Dep't*, 2021 WL 808735, at *2 (D. Nev. Mar. 3, 2021) (same); *Wright v. Covarrubias*, 2020 WL 2133002, at *8 (C.D. Cal. Mar. 23, 2020) (same), R. & R. adopted 2020 WL 2128645 (C.D. Cal. May 4, 2020); *Graham v. Rowe*, 2019 WL 3059801, at *4 (D.N.J. July 10, 2019) (same); *Santos v. Welty*, 2021 WL 1799828, at *6 (N.D. Tex. Mar. 25, 2021) (same), R. & R. adopted 2021 WL 1792130 (N.D. Tex. May 5, 2021).  Thus, Plaintiff has not established a constitutional violation and Grubbs is entitled to qualified immunity.

**B. The conduct at issue was not clearly established as a violation of constitutional rights at the time of the incident.**

Plaintiff has not shown that the conduct at issue was clearly established as a violation of constitutional rights at the time that the conduct at issue took place. A right is clearly established if the plaintiff "(1) produce[s] a materially similar case that is binding precedent, (2) point[s] to a broader, clearly established principle that should control the novel facts in his situation, or (3) show[s] that an official's conduct was so far beyond the hazy border between excessive and acceptable force that the official had to know he was violating the Constitution even without caselaw on point." *Underwood*, 11 F.4th at 1332 (citation and quotation marks omitted). The United States Supreme Court has explained that this inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Plaintiff has not made any such showing. As an initial matter, he does not point to any prior case that says employing a taser one time against a fleeing suspect who is resisting arrest and making threatening physical gestures towards an officer violates a constitutional right. In fact, several cases, discussed *supra*, state the exact opposite under substantially similar facts. *Draper*, 369 F.3d at 1278; *Charles*, 18 F.4th at 701; *Floyd*, 2010 WL 11520487, *aff'd* 426 F. App'x 790; *Howard*, 2022 WL 657359, at *6. In particular, the analysis provided in *Floyd* is illustrative.

-9-

Though an unpublished opinion, the *Floyd* court determined—and the Eleventh Circuit agreed—that *Draper* "'clearly established' in 2004 that a taser could be employed on a noncompliant suspect even where the crime alleged was minor, and even where no violence had occurred." *Floyd,* 2010 WL 11520487 at *8, *aff'd* 426 F. App'x 790 (also holding "the existing law at the time of the incident did not put [the officer] on notice that deploying his taser three times to subdue a noncompliant suspect where the underlying crime was minor and where no violence had occurred violated Floyd's constitutional rights.").

To the extent Plaintiff identifies Officer Grubbs' turning off his body camera as a constitutional violation, it is well-established that "there is no constitutional right to a recorded arrest." *Mitchell*, 2021 WL 808735, at *2; *Wright*, 2020 WL 2133002, at *7; *Graham*, 2019 WL 3059801, at *4; *Santos,* 2021 WL 1799828, at *6, adopted 2021 WL 1792130. Thus, as a matter of law, there was no established constitutional right that existed at the time the conduct at issue occurred and Grubbs is entitled to qualified immunity.

## CONCLUSION

For the above reasons, the Court should grant Officer Grubbs' Renewed Motion for Judgment as a Matter of Law.

Respectfully submitted this 9th day of September, 2022.

*/s/ Staci J. Miller*
Staci J. Miller
Georgia Bar No.: 601594
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
Tel: 404.546.4100
sjmiller@atlantaga.gov

*/s/ Hermise Pierre*
Hermise Pierre
Georgia Bar No.: 597541
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
Tel: 470-898-8711
hpierre@atlantaga.gov

*/s/ Harold D. Melton*
Harold D. Melton, GA Bar No. 501570
Charles E. Peeler, GA Bar No. 570399
Kimberly D. Eason, GA Bar No. 428618
Elizabeth P. Waldbeser, GA Bar
        No. 430797
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
harold.melton@troutman.com
charles.peeler@troutman.com
kimberly.eason@troutman.com
elizabeth.waldbeser@troutman.com

*/s/ James E. Dearing, Jr.*
James E. Dearing, Jr.
Georgia Bar. No.: 215090
1596 W. Cleveland Avenue, Suite 102
East Point, GA 30344
404.870.0010 / tele
jdearing@jed-law.com

.

*Attorneys for Defendants Officer Grubbs
And City of Atlanta*

## <u>FONT CERTIFICATION</u>

Pursuant to Local Rule 7.1D, I hereby certify that the above **Defendant Officer Grubbs' Renewed Motion for Judgment as a Matter of Law** was prepared using Times New Roman 14-point type as provided in Local Rule 5.1.

<u>*/s/ Harold D. Melton*</u>
Harold D. Melton
Georgia Bar No. 501570

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 9, 2022, the above

**Defendant Officer Grubbs' Renewed Motion for Judgment as a Matter of Law**

was filed electronically with the Clerk of the Court using the CM/ECF system which

sent notification to all counsel of record.

_/s/ Harold D. Melton_____
Harold D. Melton
Georgia Bar No. 501570