**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KEITH EDWARDS, as guardian and conservator for JERRY BLASINGAME,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER J. GRUBBS, #6416, and CITY OF ATLANTA/ATLANTA POLICE DEPARTMENT,<br><br>        Defendants. | CIVIL ACTION NO.<br>1:19-cv-02047-SCJ |

**DEFENDANT OFFICER J. GRUBBS' REPLY IN SUPPORT OF HIS
MOTION FOR RELIEF FROM JUDGMENT OR, IN THE
ALTERNATIVE, REMITTITUR OF PUNITIVE DAMAGES AWARD**

Defendant Officer J. Grubbs ("Defendant Grubbs" or "Officer Grubbs"), by and through his undersigned counsel, hereby submits this Reply in support of his Motion for Relief from Judgment, or in the alternative, Motion for Remittitur pursuant to Federal Rule of Civil Procedure 60(b)(6).

## I.    INTRODUCTION

Plaintiff's Response to Defendant's Motion for Relief (the "Response") attempts to establish procedural *faux pas* where none exist.  For the reasons stated below, the Court may permissibly rule in Officer Grubbs' favor pursuant to the authority vested under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

1

Moreover, the Court retains proper jurisdiction to adjudicate a Rule 60(b)(6) motion despite Officer Grubbs having previously filed a notice of appeal.

Concerning Plaintiff's substantive responses to Officer Grubbs' Rule 60 motion, at no point does Plaintiff attempt to justify a $20 million punitive damages verdict against a salaried police officer who tased a fleeing suspect. Plaintiff avoids the simple truth that a $20 million punitive damages verdict under these circumstances is unprecedented. For the reasons stated below, the Court should grant Officer Grubbs' Rule 60 motion.

## II.   ARGUMENT

### A.   Plaintiff's Allegations of Untimeliness Under Rules 50 and 59 Do Not Apply.

As set forth in Officer Grubbs' initial briefing, a trial court has wide discretion to grant the requested relief under Rule 60(b)(6), *see Kolawole v. Sellers*, 863 F.3d 1361, 1373 (11th Cir. 2017), and relief is appropriate where the moving party shows "sufficiently extraordinary" circumstances such that "extreme and unexpected hardship" will result absent said relief. *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015) (citation and quotation marks omitted). Moreover, circuit courts of appeals have found that "an award of excessive and unconstitutional punitive damages in and of itself presents exceptional circumstances" warranting relief under Rule 60(b)(6). *See Watkins v. Lundell*, 169 F.3d 540, 545 (8th Cir. 1999). This is

because "[p]rocedural and substantive strictures are necessary to ensure that punitive damage awards, which are proxy for punishment and deterrence, comply with constitutional requirements." *Id.*

Plaintiff first argues that the underlying Rule 60 motion for relief should have been filed pursuant to either Rules 50 or 59 of the Federal Rules of Civil Procedure. (Dkt. No. 216 at 9–10.) Because Plaintiff believes the time for filing such motions lapsed as of October 20, 2022, Plaintiff argues that the present Rule 60 motion is improper. (*Id.*)

While Rules 50 and 59 provide alternative mechanisms through which relief could have been sought, Plaintiffs can point to no case law that forbids the Court from granting the requested relief through Rule 60. In support of his opposition, Plaintiff cites to *Gulf Power Co. v Coalsales II, LLC*, 522 F App'x 699 (11th Cir. 2013), arguing that the general request for remittitur is untimely under Rule 59, and *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320 (11th Cir. 1999), arguing that the request for a Constitutional reduction is untimely under Rule 50. Neither case, however, prevents the Court from awarding the requested relief under Rule 60.

In *Gulf Power Co.*, the district court initially awarded a judgment in favor of the plaintiff but mistakenly excluded pre-judgment interest in the award. The plaintiff then sought to resolve the pre-judgment interest discrepancy through a

3

Notice of Submission of Interest Calculation which was challenged by the defendant on procedural grounds. After the 28-day deadline under Rule 59(e) lapsed, the plaintiff filed an untimely Rule 59(e) motion, requesting that the Court amend the judgment to add pre-judgment interest. The district court then corrected the judgment, *sua sponte*, pursuant to its authority under Rule 60(a). On appeal, the Eleventh Circuit upheld the district court's corrected judgment, finding that the previously filed Notice of Submission of Interest Calculation could be interpreted as a timely Rule 59(e) motion. Of importance, the Eleventh Circuit expressly declined to assess whether the Court had authority to correct the judgment under Rule 60(a). *Id*. ("We need not decide whether the district court erred in correcting the omission of prejudgment interest as a clerical error under Rule 60(a)."). Instead, in support of its decision to construe the Notice of Submission of Interest Calculation as a Rule 59(e) motion, the court cited *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) in a footnote for the proposition that the Notice of Submission of Interest Calculation could be interpreted as a Rule 59(e) motion. *Id*. at 709 n. 15. Accordingly, the Court did not conclude that Rule 59(e) was the only means through which the plaintiff could have obtained the requested relief.

In *Johansen*, the Eleventh Circuit concluded that when a district court imposes constitutional limitations on a particular award, "the power to do so is located in the

4

court's authority to enter judgment as a matter of law." *Johansen*, 170 F.3d at 1331. When comparing a remittitur under Rule 59 to a constitutional reduction, the *Johansen* court then concluded that Rule 50 and not Rule 59 governs a court's entry of judgment as a matter of law. *Id*. But the Court did not state that Rule 60 is an impermissible vehicle through which a court may also enter judgment as a matter of law. Indeed, the *Johansen* Court reiterated that "a court has a mandatory duty to correct an unconstitutionally excessive verdict so that it conforms to the requirements of the due process clause." *Id*. (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 585 (1996)). This mandatory duty does not rise and fall with the temporal restrictions within Rule 50 of the Federal Rules of Civil Procedure. And Rules 60(b)(6) and 60(b)(4)—which permit relief from a judgment where the judgment is void—provide an equal opportunity for the Court to carry out its mandatory obligation to ensure a constitutional verdict. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." (Citations omitted)).

Because Officer Grubbs' requested relief is permissible under Rule 60, the Court should ignore Plaintiff's allegations to the contrary.

**B.    The Court Retains Jurisdiction to Resolve Officer Grubbs' Rule 60 Motion.**

Plaintiff next argues that because Officer Grubbs filed his notice of appeal on September 22, 2022, the Court is divested from jurisdiction over its motion. As an initial matter, both cases cited by Plaintiff are cases involving criminal appeals under circumstances entirely distinct from those at hand. *See United States v. Tovar-Rico*, 61 F.3d 1529 (11th Cir. 1995) (adjudicating appeals of rulings on criminal charges related to possession of cocaine); *Shewchun v. United States*, 797 F.2d 941 (11th Cir. 1986) (adjudicating appeal of convictions for mail fraud and wire fraud). In the relevant civil context, the Supreme Court of the United States has noted that "the filing of a Rule 60(b) motion does not toll the running of the time for taking an appeal, and the pendency of the motion before the district court does not affect the continuity of a prior-taken appeal. Moreover, the pendency of an appeal does not affect the district court's power to grant Rule 60 relief." *Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) (citations omitted and emphasis added).

Additionally, Plaintiff completely ignores that the Eleventh Circuit issued the attached Memorandum to Counsel or Parties, finding that Federal Rule of Appellate Procedure 4 had been implicated and effectively staying the appeal until the matters before the District Court are resolved. *See* **Exhibit 1**. When a motion is filed in a district court that implicates Federal Rule of Appellate Procedure 4(a)(4)(A), the

motion divests the appellate court of jurisdiction. *See id.*; se*e also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60–61 (1982) (holding that a pending Rule 59 motion renders a notice of appeal ineffective); *Stone,* 514 U.S. at 401 (holding that a pending Rule 60 motion also renders a notice of appeal ineffective). Therefore, when Plaintiff filed his Rule 60 motions (Dkt. Nos. 187 and 191), Plaintiff divested the Eleventh Circuit of jurisdiction over this case.

### C.      The Punitive Damages Award is Grossly Excessive and Shocks the Conscience.

"To be overturned, [a punitive damages award] must be 'grossly excessive' or 'shocking to the conscience.'" *Trezevant v. Tampa*, 741 F.2d 336, 341 (11th Cir. 1984) (quoting *Anderson v. Eagle Motor Lines, Inc.*, 423 F.2d 81, 85 (5th Cir. 1970) and *La-Forest v. Autoridad de las Fuentes Fluviales*, 536 F.2d 443 (1st Cir. 1976)). Here, the jury imposed a $20 million punitive damages award against a police officer who tased a fleeing suspect.  This award is excessive.

Plaintiff first argues that the punitive damages award was not excessive because the compensatory damages award was not a sufficient deterrent.  (Dkt. No. 216 at 14–15.)  Plaintiff believes that because Mr. Blasingame's medical expenses may eventually exceed $20 million, a $20 million punitive damages award is warranted.  (*Id.*)   Plaintiff then attempts to distinguish Officer Grubbs' cited comparator cases in support of Officer Grubbs' initial briefing.  (*Id.* at 15–20.)  But

wholly lacking from Plaintiff's response is any explanation as to why $20 million is the appropriate punitive damages award to punish and deter a salaried police officer from tasing a fleeing suspect. Instead, the Response relies on the fact that counsel asked for $100 million in their closing argument and since the jury *only* awarded $20 million, this is some sort of justification for the excessive verdict. (*Id*. at 14.)

Contrary to Plaintiff's Response, the test for excessiveness is not whether the jury awarded the amount Plaintiff asked to receive or an amount comparable to Plaintiff's medical bills. Instead, when an award is "so gross or inordinately large as to be contrary to right reason," this Circuit permits judicial intervention. *Machado v. States Marine-Isthmian Agency, Inc.*, 411 F.2d 584, 586 (5th Cir. 1969). This is because "[p]unitive damages do not compensate plaintiffs for injuries suffered . . . . Rather, their purpose 'is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior.'" *Hoever v. Marks*, 993 F.3d 1353, 1358–59 (11th Cir. 2021) (internal citations omitted).

In determining the amount sufficient to "punish" and "deter" Officer Grubbs' conduct, every case cited in support of Officer Grubbs' motion substantiates a finding that the award was simply too high under the circumstances. *See Jennings v. Fuller*, 2017 WL 2242357, at *4–10 (E.D. Mich. May 23, 2017) (trial court reduced a $17.63 million compensatory and $19 million punitive damages award to

$5 million and $6 million, respectively, where five police officers beat, dragged, pepper-sprayed, and placed a hood over the plaintiff in a jail cell); *Spadaro v City of Miramar*, No. 11-cv-61607-JIC (S.D. Fla. 2013) ($2 million in punitive damages against two officers for coercing a confession for rape and murder from a minor who was subsequently exonerated by DNA evidence); *Doe 1 et al. v. City of Lauderhill*, No. 0:14-cv-61466-KMW (S.D. Fla. 2015) ($900,000 in punitive damages against two officers for forcing plaintiffs to pull into an abandoned lot where the police officers raped and sexually assaulted them); *K.J.C. v. City of Montgomery*, 2:17-cv-00091-ALB-SMD (M.D. Ala. 2020) ($500,000 in punitive damages against a police officer after plaintiff, an intellectually disabled woman, called 911 to report a missing medical device and the responding officer anally raped the plaintiff and made her promise not to tell anyone); *Lucas v. City of Braswell*, No. 4:10-cv-00030-HLM (N.D. Ga. 2010) ($440,000 in punitive damages against police officers after the officers conspired to have plaintiff falsely arrested and maliciously prosecuted); *Bonner v. Carlisle*, No. 2:21-cv-00334-MHH (N.D. Ala. 2021) ($350,000 in punitive damages against a police officer accused of sexually assaulting the plaintiff under the guise of conducting a follow up interview).

### D.    The Punitive Damages Award Violates Due Process.

In *BMW of North America*, the Supreme Court provided three guideposts to determine whether such a reduction is warranted: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil or criminal penalties authorized or imposed in comparable cases. 517 U.S. at 583 (1996); *Bogle v. McClure*, 332 F.3d 1347, 1360 (11th Cir. 2003).

Plaintiff first argues that Officer Grubbs' conduct was reprehensible under guidepost one based upon a non-exhaustive list of reprehensibility factors set forth in *State Farm Mutual Automotive Insurance Co. v Campbell*, 538 U.S. 408, 418 (2003).[1]  (Dkt. No. 216 at 20–23.)  Again, the Response misses the mark.  The test for an excessive verdict is not whether the conduct was at all reprehensible.  Instead, "the punitive damages should be roughly proportionate to the enormity or gravity of the offense."  *Watkins*, 169 F.3d at 546.  To develop any sort of proportion as to the

---

[1] Those factors include whether: "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *State Farm Mut. Auto. Ins. Co.*, 538 U.S. at 418.

10

appropriate punitive damages compared to the gravity of the offense, it is important to compare Officer Grubbs' conduct against other defendants, as well as the punitive damages verdicts in similar cases. *See, e.g.*, *Disorbo v. Hoy*, 343 F.3d 172, 188 (2d Cir. 2003) ("To determine the appropriate level of punitive damages, we assess such awards in other police misconduct cases.").

Specific to the circumstances of this case the test is whether the conduct was sufficiently reprehensible to support a $20 million punitive damages verdict against a police officer who tased a fleeing suspect that sustained injuries after he fell down a hill hidden from the officer at the time of the tasing. Plaintiff can point to no similar case or circumstance in which the results of an Officer's split-second judgment related to Plaintiff's injuries warrants a $20 million verdict. Instead, the cases discussed *supra* and in Officer Grubbs' initial briefing support a finding that this case is a major outlier warranting a constitutional reduction.

Plaintiff also argues that because there are no civil penalties available pursuant to a Section 1983 action, guidepost three does not favor a reduction. (Dkt. No. 216 at 23–24.) But Plaintiff ignores the fact that this guidepost applies to *comparable* civil or criminal penalties, not just those implicated by the statute at issue. *See Gore*, 517 U.S. at 583. Comparably, if Officer Grubbs was charged with deprivation of rights under the color of law pursuant to 18 U.S.C. § 242, the maximum fine he could

have received would have been $250,000.00. *See* 18 U.S.C. § 3571(b)(3). Or had Plaintiff pursued criminal charges against Officer Grubbs for assault and battery, Georgia Code Section 51-12-5.1(g) would have likewise limited a punitive damages recovery to $250,000.00.

Accordingly, the two comparable statutory penalties limit recovery to $250,000.00. Comparing $20 million in punitive damages to the $250,000.00 in civil penalties produces a ratio of 80:1, showing the "monetary comparisons are wide" and counselling reduction. *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 (1991).

## IV. CONCLUSION

For the reasons stated in the Memorandum in Support of Officer Grubbs' Rule 60 motion and for those stated above, Officer Grubbs respectfully requests that the Court vacate the punitive damages award, order a new trial, or reduce Officer Grubbs' punitive damages award to no more than $250,000.00.

[Signatures on following page]

12

Respectfully submitted this 10th day of February, 2023.

*/s/ Staci J. Miller*
Staci J. Miller
Georgia Bar No.: 601594
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
Tel: 404.546.4100
sjmiller@atlantaga.gov

*/s/ Hermise Pierre*
Hermise Pierre
Georgia Bar No.: 597541
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
Tel: 470-898-8711
hpierre@atlantaga.gov

*/s/ Harold D. Melton*
Harold D. Melton
Georgia Bar No. 501570
Charles E. Peeler
Georgia Bar No. 570399
Kimberly D. Eason
Georgia Bar No. 428618
Elizabeth P. Waldbeser
Georgia Bar No. 430797

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
harold.melton@troutman.com
charles.peeler@troutman.com
kimberly.eason@troutman.com
elizabeth.waldbeser@troutman.com

*/s/ James E. Dearing, Jr.*
James E. Dearing, Jr.
Georgia Bar. No.: 215090
1596 W. Cleveland Avenue, Suite 102
East Point, GA 30344
404.870.0010 / tele
jdearing@jed-law.com

*Attorneys for Defendants Officer Grubbs
And City of Atlanta.*

13

## **Local Rule 7.1D Certification**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

*/s/ Harold D. Melton*
Harold D. Melton
Georgia Bar No. 501570

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Defendant Officer J. Grubbs' Reply in Support of Motion for Relief from Judgment or, in the Alternative, Remittitur of Punitive Damages Award** was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all counsel of record.

This 10th day of February, 2023.

/s/ Harold D. Melton
Harold D. Melton
Georgia Bar No. 501570
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
harold.melton@troutman.com

15