IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KEITH EDWARDS, as guardian and conservator for Jerry Blasingame,**<br><br>   Plaintiff,<br><br>v.<br><br>**OFFICER J. GRUBBS # 6416 and THE CITY OF ATLANTA,**<br><br>   Defendants. | **CIVIL ACTION FILE**<br><br>**No. 1:19-CV-02047-SCJ** |

### ORDER

This matter appears before the Court on Defendant Grubbs' Motions to Stay an Execution of the Judgment and to Stay the Judgment Pending Appeal.[1] Doc. Nos. [220]; [233]. For the following reasons, the Court **GRANTS IN PART** Defendant's Motions. The Court **STAYS** any proceedings to enforce the judgment against Defendant Grubbs under Rule 62(b). The Court also **ORDERS** Defendant Grubbs to pay the amounts contained herein, for Plaintiff to

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

immediately terminate the state garnishment proceeding in Fulton County, and the Parties follow all other instructions contained in this Order.

## I.     BACKGROUND

The Court discusses this case's background only as necessary for resolving the instant motions. Following a tasing incident that resulted in tragic and lifelong injuries to Plaintiff,[2] Plaintiff obtained a favorable jury verdict in the amount of $40 million against Defendant Grubbs for his use of excessive force. Doc. No. [163]. The Clerk's office subsequently entered the final judgment on the verdict. Doc. No. [179].

Amid the filing of other post-trial and appeals motions, on January 6, 2023, Plaintiff applied for a writ of execution of the judgment. Doc. No. [210]. Following the Court's order on the post-trial motions, Plaintiff obtained a writ of execution on April 12, 2023. Two-days later, Defendant Grubbs moved to stay the writ of execution pending appeal. Doc. No. [220]. The Court issued a temporary stay of the writ while it resolved the motion and scheduled a hearing for May 22, 2023 to further address the supersedeas bond. Doc. Nos. [221]; [230]. On May 11,

---

[2] Mr. Edwards represents the injured, Mr. Jerry Blasingame, as the named plaintiff and conservator in this action. Doc. No. [113]. As in prior orders, however, the Court will continue to refer to Blasingame as "Plaintiff."

2

2023, Defendant Grubbs filed another motion to stay the judgment, this time more broadly as a motion to stay any proceedings to enforce the judgment pending appeal. Doc. No. [233]. This second motion to stay followed Plaintiff's commencement of a state garnishment proceeding despite the Court's temporary stay of the writ of execution. Id. The Court received expedited briefing on the second stay motion, and ultimately determined to address both stay motions at the May 22 hearing.

On May 22, 2023, the Court held a hearing on the stay motions Doc. No. [239]. It heard argument from both Parties, as well as Plaintiff's counsel for the state collection proceedings. The Court now issues the following order regarding any collection efforts to enforce the judgment while this case remains on appeal.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) allows the Court "any time after judgment is entered" to stay the judgment when a party "provid[es] a bond or other security." Generally, an appropriate supersedeas bond requires "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause

shown fixes a different amount or orders security other than the bond."[3] Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). The purpose of a supersedeas bond is to "protect the prevailing party." Coker v. Am. Guarantee & Liab. Ins. Co., No. 1:12-CV-4061-SCJ, 2015 WL 11199159, at *2 (N.D. Ga. Oct. 13, 2015). "[A bond] permits a judgment debtor to 'avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal' and 'secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.'" Alliant Tax Credit 31, Inc v. Murphy, 924 F.3d 1134, 1141 (11th Cir. 2019).

The burden is on the moving party "to objectively demonstrate the reasons" to deviate from requiring the full judgment amount for the supersedeas bond. Poplar, 600 F.2d at 1191. Endorsed reasons for such deviation are: (1) "[i]f a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan

---

[3] Decisions of the former Fifth Circuit issued prior to October 1, 1981, are binding precedent on this court. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

for maintaining that same degree of solvency during the period of an appeal" and (2) "if the judgment debtor's present financial condition is such that the posting of a full bond would impose an *undue financial burden*." Id. (emphasis added). When an undue financial burden has been shown, the Court can "exercise [its] discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish *equal protection* to the judgment creditor." Poplar, 600 F.2d at 1191 (emphasis added).

### III.   ANALYSIS

Defendant Grubbs moved to stay any proceedings enforcing the judgment entered against him pending appeal and argued that he should not be required to post the full supersedeas bond amount of the judgment because of his financial condition. Doc. No. [220-1], 4–6 ("[R]equiring Officer Grubbs to post a full bond would impose an *impossible* financial burden, much less an undue burden." (emphasis in original)). Defendant Grubbs first contends that the Court should waive the bond requirement altogether. Id. at 6–7. Alternatively, and without any explanation the calculations, Defendant Grubbs proposes that he post $1,000 as an initial bond and then pay $100 a month until the appeal is completed. Id. at 7.

5

At the May 22 hearing, Defendant Grubbs further suggested payment of $408 a month—which would be 10% of his May 19, 2023 police department paycheck.[4]

Plaintiff argues that Defendant Grubbs' proposals are insufficient to restrain Defendant Grubs' financial dealings or furnish equal protection to Plaintiff. Doc. No. [229], 14. Plaintiff also submits that these efforts to avoid payment of the judgment pending appeal are motivated by the self-interest of the City of Atlanta—who Plaintiff assumes has an agreement to indemnify Defendant Grubbs.[5] Id. at 16. In short, Plaintiff seeks assurance that "the entirety of his recovery [will] not disappear" pending appeal. Id. at 17. Plaintiff asks the

---

[4] Plaintiff took his first garnishment from Defendant Grubbs' May 19, 2023 paycheck (paid biweekly). The garnishment was for 25% of the paycheck. While not explicit in the Parties' representations, the Court has calculated that the paycheck amount subject to garnishment is around $2,040 biweekly, or $4,080 per month. As explained below, the Court bases its 17% calculation on a monthly income of $4,080 from the Atlanta Police Department.

[5] Plaintiff forcefully maintains his conflict-of-interest argument in his opposition to the motion to stay enforcement of the judgment. Doc. No. [229], 15–16. The Court understands Plaintiff's position that the City must be indemnifying Defendant Grubbs for the conflict to have been waivable at trial and for the City to continue paying for Defendant Grubbs' representation post-trial. The Court, however, has reviewed the City Ordinance capping its indemnification of Defendant Grubbs at $2,000, see Atlanta, Ga., Code of Ordinances § 2-783(h)(1) (2003), and at this juncture continues to operate from the presumption that the City's indemnification obligation to Defendant Grubbs is $2,000. Plaintiff's conflict of interest argument otherwise has no legal effect on the outcome of the stay requested and supersedeas bond to be tendered.

6

Court to impose the traditional bond amount required: 1.25x the judgment value, or no less than $50 million. Id. Plaintiff's argument in response to Defendant Grubbs' motion to stay the garnishment proceeding is largely the same as his response to stay the writ of execution. Doc. [235].

Here, the Court determines that a stay of any execution on the judgment in this case is appropriate pending resolution of the appeal. Accordingly, pursuant to Rule 62(b), the Court stays any proceeding to enforce the judgment entered in this case until the appeal has been finalized.

The Court further determines it would pose an undue financial hardship on Defendant Grubbs to require the posting of a full supersedeas bond for the $40 million judgment. Defendant Grubbs submitted evidence that he earned $63,871.46 in taxable income in 2022 and $65,982.20 in taxable income in 2021. Doc. No. [220-2], 2. One biweekly paystub for January 2023 reflects his gross pay is $2,769.63 and his net pay is $1,860.86. Id. at 12.  At the May 22 hearing, Defendant Grubbs represented that in addition to his income from the Atlanta Police Department, he also does outside security work resulting in an additional income of $17,325 annually (or $921 per month). He also attests that he has less than $10,000 in personal savings or non-retirement investment accounts. Doc.

7

No. [220-2], 2. This accounting of his income and savings make clear that it would indeed be impossible for Defendant Grubbs to post a $50 million bond to stay the judgment pending appeal. Consequently, the Court exercises its discretion and fashions the following supersedeas bond to "appropriate[ly] restrain[]" Defendant Grubbs' financial dealings and "furnish equal protection" to Plaintiff. Poplar, 600 F.2d at 1191.

The Court orders Defendant Grubbs to pay **$700 a month** into the registry of the Clerk of Court for the Northern District of Georgia. The Court arrives at the amount of $700 a month by starting with the biweekly garnishment submitted at the May 22 hearing. The first garnishment taken was $511—or, 25% of a $2,040 check. Defendant Grubbs suggested a monthly payment of 10% of this biweekly paycheck—or, $204 ($408 per month). The Court, in its discretion, has determined that a reasonable and fair amount to be paid pending resolution of the appeal is approximately 17% of this paycheck amount, or $700 a month.

The Court requires this payment be made to the Court registry given the indeterminacy of the outcome of the appeal. The Court registry holding the funds ensures that the judgment creditor, Plaintiff, reasonably collects from Defendant Grubbs while the appeal is being resolved, but also ensures that Defendant

Grubbs could retrieve his funds if the Court of Appeals reverses the judgment against him.

The Court considered—instead of having Defendant Grubbs deposit the monthly bond payment himself—requiring Defendant Grubbs to direct the Atlanta Police Department human resource department to automatically deduct the bond from Defendant Grubbs' paychecks and deposit the funds into the Court's registry. Given that this alternative procedure was not discussed at the May 22 hearing and neither Party has had an opportunity to respond, the Court, however, has declined to order the bond be directly paid out of Defendant Grubbs' paycheck. The Court, nevertheless, warns Defendant Grubbs that if any issues arise with his monthly bond payments, that the Court will reconsider directly taking the $700 amount from his paychecks.

Thus, the Court orders Defendant Grubbs pay **$700 a month, on or by the 1st of every month starting June 1, 2023**, into the registry of the Clerk of Court for the Northern District of Georgia. The registry of the Court does not take personal checks, but accepts cashier checks, money orders, and cash. If Defendant Grubbs has questions about the method of payment, he should contact the Clerk's Office for further guidance.

At this time, the Court has determined that, in the light of Defendant Grubbs' financial condition, a $700 monthly payment is a sufficient bond to protect Plaintiff's interest. Given the bond's sufficiency and that the current state garnishment action, if left in place, would violate the Rule 62(b) stay of any proceedings to enforce a judgment, the Court hereby orders Plaintiff **immediately terminate the garnishment** in Fulton County. Any funds which have been taken in response to the garnishment proceeding must be deposited into the registry of the Clerk of Court for the Northern District of Georgia **by June 2, 2023**. Cf. Johnston v. Companion Prop. & Cas. Ins. Co., No. 1:06-CV-1258-CAP, 2008 WL 11336472, at *1 (N.D. Ga. Dec. 18, 2008) (ordering a stay of the release of garnishment funds in a state court order and placing the money in an escrow account).

The Court also makes clear that the City of Atlanta's $2,000 obligation to indemnify Defendant Grubbs is not subject to the stay. In fact, the Court orders that this $2,000 indemnification be paid as soon as practicable into the registry of the Court. As this $2,000 constitutes part of the judgment owed by Defendant Grubbs, the Court considers this payment to be part of the supersedeas bond posted.

Plaintiff has also requested post-judgment discovery on Defendant Grubbs' ability to pay a bond. Defendant Grubbs has not objected. The Court grants Plaintiff's request and orders that Plaintiff commence discovery, at its own discretion, within 3-weeks of this Order. From the date that Plaintiff commences discovery, Plaintiff has 30-days to complete his post-judgment discovery.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant Grubbs' Motions to Stay Proceedings to Execute the Judgment Pending Appeal. Doc. Nos. [220]; [233]. The Court hereby **STAYS** any proceeding to execute on the judgment pursuant to Rule 62(b). The Court furthermore **ORDERS** Defendant Grubbs pay **$700 a month** as his supersedeas bond. Defendant Grubbs is **ORDERED** to make these payments into the registry of the Court for the Northern District of Georgia on or by **the 1st of every month, starting June 1, 2023**, until the case's appeal is completed. The Clerk is hereby **DIRECTED** to accept the monthly deposits by Defendant Grubbs in the amount of $700 and to hold such payments in an interest-bearing account pursuant to Northern District of Georgia Local Rule 67.1(A) and (B) until further order by this Court.

11

The Court furthermore **ORDERS** Plaintiff to immediately cease the garnishment of Defendant Grubbs' wages in Fulton County. Any funds already taken in response to the garnishment proceeding must be deposited into the registry of the Clerk of Court for the Northern District of Georgia **by June 2, 2023**. The Clerk is hereby **DIRECTED** to accept these funds (which should be around $511) and to hold them in an interest-bearing account pursuant to Northern District of Georgia Local Rule 67.1(A) and (B) until further order.

The Court **ORDERS** the City of Atlanta tender its $2,000 indemnification payment of the judgment to the registry of the Court. The Court **DIRECTS** the Clerk to also accept the City's deposit and hold this $2,000 payment in an interest-bearing account pursuant to Northern District of Georgia Local Rule 67.1(A) and (B) until further order by the Court.

Finally, the Court **ORDERS** that Plaintiff be allowed to conduct post-judgment discovery on Defendant Grubbs' financial condition. This discovery **must** commence within **3-weeks** of the date of this order and shall conclude within **30-days** of its commencement.

**IT IS SO ORDERED** this __24th__ day of May, 2023.

                                            s/ Steve C. Jones
                                       _____
                                       **HONORABLE STEVE C. JONES**
                                       **UNITED STATES DISTRICT JUDGE**