# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH EDWARDS, as guardian and conservator for JERRY BLASINGAME,<br><br>      Plaintiff,<br>v.<br><br>OFFICER J. GRUBBS, #6416, and CITY OF ATLANTA/ATLANTA POLICE DEPARTMENT,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:19-cv-02047-SCJ |

## STIPULATED PROTECTIVE ORDER ON POST-VERDICT DISCOVERY

Post-verdict discovery in the above-captioned case may involve the production of documents and/or witness testimony containing confidential and private personal information for which special protection from public disclosure and from any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to this Stipulated Protective Order ("Protective Order") in this matter.

By stipulating to this Protective Order, the parties have agreed to be bound by its terms. It is hereby agreed that:

1.    This Order governs the handling of all Confidential Material (as defined herein), whether it be documents, testimony, responses to discovery requests, tangible things, or other information (including copies, excerpts, and summaries

thereof), that is produced, provided, or filed by Plaintiff Keith Edwards or Defendants Officer Jon Grubbs and the City of Atlanta, or by any non-party during post-verdict discovery or other proceedings in the above-captioned case.

2. Any party or non-party shall have the right for purposes of this Order to designate as "CONFIDENTIAL" any material that it in good faith reasonably believes contains non-public, confidential, personal information (hereinafter "Confidential Material"). The party or non-party designating such Confidential Material is referenced herein as the "Designating Person." The party or non-party that receives such Confidential Material is referenced herein as the "Receiving Party."

3. Any Confidential Material shall be used by the Receiving Party solely in connection with the prosecution of claims or preparation of defenses in this action. Such Confidential Material may not be used or disclosed except as provided in this Order.

4. The designation of Confidential Material for purposes of this Order shall be made as follows:

    a. at the time a Designating Person produces or otherwise provides documents, interrogatory responses, or other written material, the Designating Person shall have the term "CONFIDENTIAL" stamped in a conspicuous place on each page containing Confidential Material;

  b. transcripts of depositions, other pretrial testimony, and exhibits thereto shall be designated as "CONFIDENTIAL"" by counsel for the Designating Person either by stating on the record at the time of disclosure that the testimony and/or exhibits are "CONFIDENTIAL" or by providing written notice within twenty (20) days after receipt of the transcript that such testimony is "CONFIDENTIAL" and requesting that the transcript be clearly marked as "CONFIDENTIAL"; or

  c. at the time a Designating Person produces or otherwise provides other tangible things, the Designating Person shall have the term "CONFIDENTIAL" stamped on them in a prominent place.

5. Any copies, excerpts, summaries, or other disclosure of the substance or contents of any material that is designated as "CONFIDENTIAL" shall also be treated as having the same designation and shall be appropriately marked with the legend "CONFIDENTIAL."

6. In the event that a party or non-party inadvertently omits to apply a "CONFIDENTIAL" designation to any material at the time it is produced or disclosed, such party or non-party shall have the right to so designate such documents within a reasonable period of time after the omission comes to that person's attention.

7.  In the event that a Receiving Party disagrees with any "CONFIDENTIAL" designation, the Receiving Party and the Designating Person shall confer, pursuant to Federal Rule of Civil Procedure 37(a)(2) and Local Rule 37.1A, and attempt in good faith to resolve the disagreement. If the disagreement is not resolved, the Receiving Party may challenge the designation, and the Designating Person shall have the burden of proving the propriety of the designation. Until the Court rules on such a challenge, the material shall be treated as it is designated and subject to the terms of this Order. No party is obligated to challenge the propriety of any designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

8.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Person specifically consents in advance in writing to such disclosure, or if the Court, after notice to all parties, orders such disclosure. The parties shall try to agree on procedures governing the use of Confidential Material at any hearing and shall submit the proposed procedures to the Court for its approval. Should the parties fail to agree or obtain Court approval, nothing herein shall preclude any party or third party from making an application to the Court concerning the handling or treatment of Confidential Material at any hearing or trial in this action.

9. Any Designating Person shall not be restricted in any manner with respect to the use and/or disclosure of the Designating Person's own Confidential Material.

10. When filed with the Court, all Confidential Material shall be filed under seal with the Clerk of Court (not electronically) in a sealed envelope or container labeled with the style of this action, a description of the contents, the word "CONFIDENTIAL" and the following statement: "This envelope (or container) contains confidential documents filed under seal in this case pursuant to a Stipulated Protective Order and is not to be opened, nor are its contents to be displayed or revealed, except on order of the Court." Such envelope or sealed container may be opened and its contents reviewed only by authorized Court personnel or upon written consent of counsel of record for the Designating Person.

11. Documents and other material designated as "CONFIDENTIAL" pursuant to the terms of this Order may be disclosed only to:

    a. any party;

    b. any directors, officers, employees, or independent contractors of a party or its affiliates to whom the party's counsel of record reasonably believes disclosure is necessary to prepare for discovery, trial, or appeal in this action, provided that such individuals consent in writing to be bound by

the terms of this Order by executing the form confidentiality agreement attached hereto as Exhibit A;

    c.    the parties' outside counsel and in-house counsel and their affiliates, employees, and service vendors to whom the Receiving Party's counsel believes it necessary to show such Confidential Material for purposes of this litigation;

    d.    any recipient, sender, or creator of such Confidential Material;

    e.    the Court, Court personnel and the jury;

    f.    any independent (unaffiliated with any party) experts, consultants, or independent contractors retained to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such individuals consent in writing to be bound by the terms of this Order by executing the form confidentiality agreement attached hereto as Exhibit A;

    g.    court reporters actually recording proceedings in this action; and

    h.    other persons as agreed to by the parties in writing or as permitted by the Court.

12.    Whenever any Confidential Material is disclosed or used at a deposition or hearing, such testimony shall be conducted only before those persons authorized under this Order to have access to such information.

13. Any Confidential Material that is produced prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such Confidential Material was produced.

14. The inadvertent or unintentional disclosure of material that is entitled to protection under this Order, regardless of whether the material was designated as "CONFIDENTIAL" at the time of the disclosure, shall not be deemed a waiver in whole or in part of the supplying party's or non-party's claim of confidentiality, either as to the specific material disclosed or as to any other information relating thereto or on the same or related subject matter.

15. The inadvertent or unintentional production of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the attorney work-product doctrine. Upon receiving notice that privileged information, including copies or summaries thereof, has been inadvertently produced, a Receiving Party shall return all such privileged information to the supplying party within five (5) business days.

16. If any Confidential Material that is governed by this Order is subpoenaed or requested by a court or by any other person or entity purporting to have authority to require the production of such information, the person to whom the

subpoena is directed (the "Subpoenaed Party") shall give prompt written notice by email or facsimile to the Designating Person that includes a copy of the subpoena or request (unless prohibited by law or court order). After the receipt of such notice, the Designating Person shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of Confidential Material. If the Designating Person does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Person and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, then the Subpoenaed Party may commence production in response thereto on the date designated on the subpoena or request. Notwithstanding the filing of a motion to quash or for protective order, nothing in this paragraph requires the Subpoenaed Party to withhold production of documents during the pendency of the motion if not permitted by law to do so.

      17.    All Confidential Material that is produced during the course of this action and all copies thereof, upon request, shall be either returned to the producing person or party or destroyed by the party to whom the information was produced within sixty (60) days of the final termination of this action, including appeals, except that counsel may retain one copy of the pleadings, correspondence,

deposition transcripts and exhibits thereto, any trial or hearing testimony and exhibits thereto, and attorneys' notes relating to this action, subject to the other terms of this Order.

18. The provisions of this Order shall continue to be binding until modified, superseded, or terminated by Order of the Court or by agreement of the parties. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order after the conclusion of the action.

19. Nothing contained in this Order shall prejudice the right of any party to seek an Order of this Court at any time to modify or dissolve this Order.

SO ORDERED, this 31st day of July, 2023.

_____
HON. STEVE C. JONES
UNITED STATES DISTRICT JUDGE