# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

KEITH EDWARDS, as Personal Representative
of the Estate of JERRY BLASINGAME,
deceased,

    *Plaintiff*,                                              Case No. 1:19-cv-02047

v.                                                          Hon. Steve C. Jones

OFFICER J. GRUBBS, #6416; and CITY OF
ATLANTA/ATLANTA POLICE DEPT.,

    *Defendants*.

_____

| | |
|---|---|
| Darren M. Tobin, Esq. | Staci J. Miller, Esq. |
| TOBIN INJURY LAW | City of Atlanta Law Department |
| Attorney for Plaintiff | Attorney for Defendants |
| 49b Lenox Pointe | 55 Trinity Ave., Suite 5000 |
| Atlanta, GA 30324 | Atlanta, GA 30303 |
| (404) 587-8423 | (404) 546-4100 |
| darren@tobininjurylaw.com | sjmiller@atlantaga.gov |

Ven R. Johnson
(admitted *pro hac vice*)
JOHNSON LAW, PLC
Attorney for Plaintiff
535 Griswold, Suite 2600
Detroit, MI 48226
(313) 324-8300
vjohnson@venjohnsonlaw.com

_____

## **SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1

NOW COMES Plaintiff, KEITH EDWARDS, as personal representative of the estate of JERRY BLASINGAME, by and through his attorneys, complaining of Defendants, and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331 and/or 1343 and/or 1367.

3. The events that give rise to this lawsuit took place in the City of Atlanta, County of Fulton, State of Georgia.

4. Venue is appropriate in the Northern District of Georgia pursuant to 28 U.S.C § 1391(b) since the acts providing the legal basis for this complaint occurred in the City of Atlanta, County of Fulton, State of Georgia.

## PARTIES

5. Plaintiff, Keith Edwards, is the personal representative of the estate of Jerry Blasingame ("Mr. Blasingame"), who was at the time of the complained-of incident a sixty-six (66) year-old man and a resident of Atlanta, State of Georgia.

6. Defendant, Officer J. Grubbs, #6416 ("Defendant Grubbs"), is employed by the City of Atlanta as a police officer in the Atlanta Police Department and was acting under the color of law and within the scope of his employment.

7. The City of Atlanta is a municipality in the state of Georgia which has a police department known as the Atlanta Police Department.

8. The Atlanta Police Department is charged with enacting and enforcing policies, procedures, protocols, and customs to ensure its officers are properly trained to carry out their duties. The City of Atlanta failed in this regard by enacting policies, whether written or unwritten, that demonstrate deliberate indifference to Plaintiff, thereby causing the herein complained of harm suffered by Plaintiff, including one or more of the following failures:

   a. Not properly training officers on the use and dangers of tasers

   b. Training and/or allowing officers to tase people who are simply being non-complaint even if the person poses no physical threat

   c. Training and/or allowing officers to engage in tasings and other forms of uses of force without first activating their body-cams

   d. Encouraging officers to act improperly without their body-cams being on specifically by failing to discipline those officers who fail to activate their body-cams

   e. Training and/or encouraging and/or allowing officers to cover for each other instead of advising a supervisor of improper or unlawful police conduct, thereby encouraging officers to act unlawfully and improperly even when other officers are present.

   f. Having wholly inadequate disciplinary processes in place.

9. Defendant City thereby demonstrated deliberate indifference to Plaintiff's constitutional rights, as complained of herein, and the harm suffered is a direct result of the City's deliberate indifference and was foreseeable.

10. All herein complained of actions of the Defendant were done recklessly, intentionally, maliciously, gross negligently, wantonly, knowingly, and with deliberate indifference, and in a manner that shocks the conscience, and were objectively unreasonable.

## **STATEMENT OF FACTS**

11. On July 10, 2018, at approximately 2:35 p.m., Mr. Blasingame was walking near Windsor Street and may have been asking the public for money.

12. Defendant Grubbs approached the scene and saw Mr. Blasingame talking to a driver of a vehicle on the road.

13. Defendant Grubbs demanded Mr. Blasingame to stop.

14. Mr. Blasingame moved out of the street to a guard rail and wooded area.

15. Defendant Grubbs exited his car and ran at Mr. Blasingame and then deployed his taser at Mr. Blasingame, from behind on an uneven surface.

16. The taser caused Mr. Blasingame to fall and seriously injure himself.

17. Due to the tase and subsequent fall, Mr. Blasingame became unconscious and was bleeding profusely from his head.

18. Defendant Grubbs requested to dispatch EMS.

19. EMS arrived and provided Mr. Blasingame first aid and took him to Grady Hospital Trauma Center.

20. About a month later, while Mr. Blasingame was still in the hospital for his injuries caused by Defendant Grubbs taser, Defendant Grubbs visited Mr. Blasingame and charged him with crimes of Pedestrian Solicit on Roadway and Obstruction of Police.

21. The charges against Mr. Blasingame were subsequently dismissed.

22. As a result of the injuries caused by Defendant Grubbs' taser, Mr. Blasingame suffered a severe spinal cord injury that resulted in quadriparesis.

23. As a result of the injuries caused by Defendant Grubbs, Mr. Blasingame could no longer live on his own and required round-the-clock care for the remainder of his life.  Mr. Blasingame passed away as a result of his injuries on September 7, 2023.

24. Defendant Grubbs' use of force on Mr. Blasingame was unreasonable under the totality of the circumstances.

25. Defendant Grubs knew the force he used was unreasonable, as would any reasonably prudent officer in Grubbs' place.

26. Defendant Grubbs acted in a way that is arbitrary and conscience-shocking in a constitutional sense, and in a manner that intended to injure Mr. Blasingame in some way unjustifiable by any government interest.

27. Mr. Blasingame suffered tremendously as a result of the defendants' complained-of actions up until the time of his death.

28. As a direct and proximate result of the wrongful acts of Defendant Grubbs, Mr. Blasingame suffered immense harm resulting in death and sustained damages.

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth and Fourteenth Amendments– Excessive Force and Due Process)

29. Plaintiff incorporates herein all prior allegations.

30. The Fourth Amendment prohibits law enforcement from using unreasonable and excessive force on civilians while carrying out their official duties.

31. The Due Process clause of the Constitution prohibits government actors form acing in a way that is arbitrary and conscience-shocking in a constitutional sense, and in a manner that intended to injure Mr. Blasingame in some way unjustifiable by any government interest.

32. At all times relevant, Mr. Blasingame had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from excessive force pursuant to the Fourth Amendment to the United States Constitution.

33. At all times relevant, as a police officer acting under color of law, Defendant Grubbs was required to obey the laws of the United States.

34. In violation of Plaintiff's clearly established right to be free from unreasonable search and seizures, Defendant Grubbs decided to tase Mr. Blasingame without any lawful basis and with the knowledge that he was using a potentially deadly weapon, i.e. a taser, on a suspect who did not pose a physical threat to anyone at the time.

35. Under the totality of the circumstances, Defendant Grubbs' action was objectively unreasonable and constituted excessive force.

36. The aforementioned acts deprived Mr. Blasingame of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. As a proximate result of the unconstitutional acts of Defendant Grubbs, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

38. Defendant City's policies, procedures, protocols, and customs, whether written, unwritten, or de facto, are to blame for this unlawful use of excessive force.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, KEITH EDWARDS, as the personal representative of the estate of JERRY BLASINGAME, demands:

   a. Full and fair compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Reasonable attorney's fees and costs of this action; and

   d. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

By: *s/ Ven R. Johnson*
Ven R. Johnson (*pro hac vice*)
JOHNSON LAW, PLC
Attorney for Plaintiff
535 Griswold Street, Suite 2600
Detroit, MI 48226
313-324-8300
vjohnson@venjohnsonlaw.com

By: *s/ Darren M. Tobin*
Darren M. Tobin
Attorney for Plaintiff
49b Lenox Pointe
Atlanta, GA 30324
(404) 587-8423
darren@tobininjurylaw.com

Dated: April 11, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2024, I served all parties having appeared in this matter with a copy of the foregoing document, by filing same with the Clerk of Court using the CM/ECF system which will send notification of such filing electronically to counsel of record for all parties.

*/s/ Ven R. Johnson*
Ven R. Johnson